ETHRIDGE, Chief Justice.
Mrs. W. G. Alexander, appellant, brought this action in the Circuit Court of Jackson County against the Jackson County Historical Society, Inc., appellee, claiming damages for a fall which she had on premises under the control of the defendant. At the close of plaintiff’s case, the trial court gave a directed verdict for defendant. Concluding that there were issues for the jury, we reverse and remand the case for a new trial.
Mrs. Alexander, 65 years of age was upon the grounds of the Old Spanish Fort, a historical spot located in Pascagoula, with her husband, and her grandson, his wife and *292 young daughter. In front of the Old Spanish Fort is a smoothly mowed lawn over which there is a brick sidewalk leading up to the principal building. Below the sidewalk is a parking area for automobiles, covered with a white gravel or slag. There was a line of concrete posts on the edge of the yard, several feet apart, separating the parking area from the lawn. These posts were apparently 12-15 inches in height. The Alexander car was parked parallel to them. Mrs. Alexander was standing near the car and a concrete post, watching the child playing on the. back seat. Her grandson and his wife had gone into the Old Spanish Fort, where they paid an admission charge. As the couple was returning, the child called to them and Mrs. Alexander turned to look. In turning she stepped into a hole around one of these posts. A type of crawling grass had grown around the post, concealing a depression or hole approximately five inches wide and five inches deep around the circumference of the post. The remainder of the yard was smoothly mowed. As a result of the fall, Mrs. Alexander suffered a fractured leg.
The premises of the Old Spanish Fort were under the care and control of the Jackson County Historical Society, Inc., which maintained the grounds principally with volunteer labor from the city and county. However, the Society employed day labor to do general trimming work in close and narrow spots. The circuit court gave a directed verdict for defendant, because the evidence did not show that the Society either had actual notice of the condition around the post, or that in the exercise of reasonable care it should have known that the hole existed.
Mrs. Alexander was an invitee. The premises of the Old Spanish Fort are open to those who enter as members of the public for the purpose for which the land is held open to the public. She is one of that class of invitees denominated “public invitees.” Restatement Torts Second, § 343 (1965); 65 C.J.S. Negligence § 63(41), pp. 718-719 (1966); 38 Am.Jur., Negligence § 96 (Supp. 1969) ; Annot., 95 A.L.R.2d 992 (1964). As an invitee Mrs. Alexander entered upon an implied representation or assurance that the land had been prepared and made ready and safe for her reception. She was entitled to expect that the possessor (the Society) would exercise reasonable care to make the land safe for her entry and her use for the purposes of the invitation. This duty of reasonable care extends to reasonable inspection to discover the actual condition of the premises and any latent defects, followed by such repairs as may be reasonably necessary for protection under the circumstances.
The essential tests are summarized in Restatement Torts Second, section 343 (1965) :
Dangerous Conditions Known to or Discoverable by Possessor.
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
The post in question was immediately adjacent to the parking lot for public visitors, and not more than twelve feet from the sidewalk leading to the main building. A jury might find that it was a part of the premises covered by the invitation. The grass in the area of the post was smoothly mowed, except for the depression or hole around the post about five inches wide and five inches deep, which was covered and concealed with grass. Although the county and city mowed the lawn, the Society employed day labor from time to *293 time to trim and do close work. It was an issue for the jury as to whether the Society by the exercise of reasonable care should have discovered the condition which existed around this post, should have realized that it involved an unreasonable risk of harm to public invitees, should have expected that they would not discover or realize the danger, and should have exercised reasonable care to protect invitees against such danger. A jury could conclude that this concealed hole around the post was a hidden, dangerous condition in the nature of a trap and that in the exercise of reasonable care the Society ought to have ascertained its existence and anticipated that someone might be injured by it. Cf. Marlon Investment Co. v. Conner, 246 Miss. 343, 149 So.2d 312 (1963) (gratuitous licensee falling into dark, abandoned stairway in front of office building); Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 156 So.2d 734 (1963).
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.