497 So.2d 819 (1986)
Lester Aubrey HOLLEY, a Minor and Celia E. French, Guardian and Next Friend
v.
INTERNATIONAL PAPER COMPANY.
No. 55926.
Supreme Court of Mississippi.
November 5, 1986.
Robert W. Wilkinson, Michael J. McElhaney, Jr., Megehee, Brown, Williams & Mestayer, Pascagoula, for appellant.
Rae Bryant, William E. Whitfield, III, Bryant, Stennis & Colingo, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Lester Aubrey Holley, a minor, filed suit in the Circuit Court of Harrison County against International Paper Company for damages as a result of personal injuries sustained in a swimming accident. The lower court granted summary judgment to International Paper Company and Holley has appealed to this Court.
The question for decision is whether or not the lower court erred in holding (1) that appellant was a licensee, (2) that there was no genuine issue of material fact and (3) in granting the summary judgment.
On August 2, 1981, appellant, who was 16 years of age, and several friends went to the Wolf River in northwestern Harrison County for the purpose of swimming. The area was part of a 170,000-acre tract owned by appellee, International Paper Company. The general public was not prohibited *820 from using the area and swimming in the river, although no charge or admission was collected. Appellant had frequented the river and engaged in swimming there for three or four years previous to the accident.
At the place where appellant went swimming, a tree was leaning over an embankment and a rope swing was hanging from the tree. Across the river was a sand beach and a drop-off three or four feet from the beach. Appellant dived off the swing into the shallow water and broke his neck, which rendered him a quadriplegic. People were wading in the waist-deep water a few feet from where appellant dived into it. During the three or four years he had been swimming in the river, appellant had used and dived from the rope swing.
The pleadings, depositions, affidavits and exhibits were before the lower court upon consideration of the motion for summary judgment. That court specifically found, as a matter of law, appellant was a licensee and, consequently, the only duty owing to the appellant was to refrain from wilfully or wantonly injuring him. The appellant contends that he was an invitee, or that there was a material issue as to whether or not he was an invitee. We think that, at best for appellant, he was a licensee by implication. This Court again stated the distinction between trespassers, licensees and invitees in Hoffman v. Planters Gin Co., Inc., 358 So.2d 1008, 1011 (Miss. 1978), as follows:
As to status, an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. Langford v. Mercuirio, 254 Miss. 788, 183 So.2d 150 (1966); Wright v. Caffey, 239 Miss. 470, 123 So.2d 841 (1960). A licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner whereas a trespasser is one who enters upon another's premises without license, invitation or other right. Kelley v. Sportsmen's Speedway, Inc., 224 Miss. 632, 80 So.2d 785 (1955).
Also, see Hughes v. Star Homes, Inc., 379 So.2d 301 (Miss. 1980). The record does not indicate any mutual benefit to appellant and appellee by appellant swimming in Wolf River on appellee's lands, although appellant contends that goodwill generated by appellee not posting or prohibiting swimming and picnicking on the property constituted a benefit to it. We do not agree as a matter of law. In discussing a situation somewhat similar to the facts of the present case, in McGill v. City of Laurel, 252 Miss. 740, 173 So.2d 892 (1965), the Court said:
We take judicial knowledge of that which is commonly known. There are countless thousands of cattle and fishing ponds, swimming holes, sink holes, creeks, lakes, natural and artificial, swamps, bayous, and other bodies of water, large and small, which dot and cover the farms, forests and open lands of this state. Therefore, to sustain the appellants' contention herein would be tantamount to holding that the owners of land, on which the above named bodies of water are located, are the insurers of the safety of children who might trespass thereon, and therefore could be held liable for the death of a child who, while playing or swimming therein, was drowned. As we have heretofore indicated, such an extension of a rule of law would not only be unjust, but preposterous. Wisdom, the disciple of experience, advocates the extension of a rule of law only so far as reasonable necessity requires.
252 Miss. at 764, 173 So.2d at 903.
The accident was unfortunate and tragic. However, there was no charge or indication that appellee had done anything to Wolf River at that point which caused it to be dangerous and hazardous. No obstructions or traps were placed in the water; nothing was there except water flowing over a shallow streambed and sand. Appellant was sixteen (16) years of age and *821 knew the swimming hole by heart, having used and enjoyed it for three or four years. Without question, the accident was due to lapse of judgment or failure of physical coordination on the part of the youth.
The record is absent any indication of negligent acts on the part of appellant, which, under some facts and circumstances, could bring the case sub judice within the ambit of Hughes v. Star Homes, Inc., supra, where this Court said:
In Hoffman, we changed the standard of care owing to a licensee but carefully limited the new standard of care to those cases involving injury resulting from active conduct as distinguished from conditions of the premises, or passive negligence.
379 So.2d at 304.
Appellant further argues that he was a public invitee as recognized by this Court in Alexander v. Jackson County Historical Society, Inc., 227 So.2d 291 (Miss. 1969), where a lady was injured on the defendant's parking lot and had not paid an admission to enter the premises, a historical site. We hold that Alexander is not authority for the question here.
Finally, appellant contends that this Court should repeal the common law of the State, which lays down the principles discussed hereinabove, and refuses to impose liability upon facts which are presented here and which would require the overruling of numerous cases decided through the years. The legislature is the vehicle for repeal, if it should be effected, not this Court.[1]See Adams v. Fred's Dollar Store, 497 So.2d 1097 (1986), and cases cited therein.
The judgment of the lower court, having correctly sustained the motion for summary judgment, is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] See Senate Bill 2536, 1986 Miss. Laws 360: An Act to Limit the Liability of Landowners Who Give Permission to Others to Enter Their Lands for Hunting, Fishing, Trapping, Camping, Water Sports, Hiking or Sightseeing, and For Related Purposes.