ROY NOBLE LEE, Presiding Justice,
for the Court:
Harold W. McGuire filed suit in the Circuit Court of Harrison County against Joseph Cheleno and others seeking damages for personal injuries sustained in a swimming accident on April 18,1981. The lower court granted summary judgment in favor of the defendants and McGuire has appealed here.
The question presented is whether or not the lower court erred in granting the summary judgment.
On April 18, 1981, appellant went to Roy Dedeaux Park in Harrison County, through which the Biloxi River flowed, for the purpose of swimming in the river. He dived into the river, struck a log, and was rendered quadriplegic. Appellant contends that (1) the appellees owned Dedeaux Park and that the park was for the use and development of their real property, and (2) appellant was an invitee, but if he was a licensee, then the appellees were under the duty to place a sign on the premises to indicate that no diving was allowed and to inform the appellee of the obstruction in the river. Appellant had used the premises prior to the day of the accident.
The record indicates that Harrison County, rather than the appellees, owned De-deaux Park. The county policed, maintained and controlled the park and had done so for a number of years.
Appellant states in his rebuttal brief Counsel for Appellant are not unaware of the precedential law on this philosophy and, if the law is strictly enforced the Appellant will fail in his claim....
The Court should overrule all prior decisions to the contrary and hold landowners strictly liable to persons who are injured as a result of a dangerous latent condition existing on the land (or premises) where the owner has knowledge of the condition and takes no affirmative action to warn persons likely to be harmed thereby.
The case of Holley v. International Paper Company, 497 So.2d 819 (Miss.1986), involved facts similar to the present case. There, Lester Aubrey Holley, a sixteen-year-old minor, dived into the Wolf River in northwestern Harrison County while swimming, and broke his neck, which rendered him a quadriplegic. The lower court granted summary judgment for International Paper Company, which was affirmed by this Court. That case is dispositive of the case sub judice.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, C.J., and GRIFFIN, J., not participating.