**Tracy BROWN, et al., Plaintiffs,**

**v.**

**SCOTT PAPER COMPANY and Ken Prestridge, its Managing Agent, Defendants.**

**Civ. A. E86–0139(L).**

United States District Court, S.D. Mississippi, E.D.

Dec. 23, 1987.

Peter K. Smith, Quitman, Miss., Roy Ferrell, Waynesboro, Miss., for plaintiffs.

Jackson H. Abels, III, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Scott Paper Company (Scott Paper) and its managing agent Ken Prestridge for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Tracy Brown[1] has timely responded to the motion, and the court has considered the extensive briefs together with attachments submitted by the parties.

Tracy Brown was involved in a diving accident on June 24, 1985 as a result of which he was rendered a paraplegic. The accident occurred at an abandoned gravel pit located on land owned by Scott Paper which had become filled or partially filled with water. The pit was on a portion of an approximately 60,000 acre tract of land owned by Scott Paper in Wayne County, Mississippi. Tracy had first gone swimming there in 1984 and had been swimming there four or five times later that year. No signs were posted anywhere on the property prohibiting trespassing on the land, nor were there any signs prohibiting swimming or diving in the vicinity of the water hole. A rope swing and a wood diving board, approximately two feet by twelve feet, were on one bank of the pit and Tracy Brown was injured while diving from that diving board.

On the day of the accident, Tracy and several friends, Lori Williams, Leigh Ann Shows and Glenn Busby,[2] had met around

---

**1.** This action was brought by Tracy Brown, a minor, and his mother Carol Brown. From a review of the complaint, it is apparent that Carol Brown seeks no relief and is merely a nominal plaintiff through whom Tracy Brown is suing. Hence, all references herein will be to Tracy Brown only.

**2.** Tracy Brown testified in his deposition that another friend, Anthony Stanley, had gone to the swimming hole with them and was also present at the time of the accident. None of the

3:00 p.m. and decided to go swimming. After ruling out several other alternatives, they decided to go to the swimming hole on Scott Paper's land, though at the time of the accident neither Tracy nor his friends knew who owned the property. According to Tracy, when they arrived at the pit around 3:45 p.m., five or six people were there. Shortly after their arrival, Tracy and his friends began swimming and diving, and after Lori and Glenn had made several dives, Tracy attempted a dive. However, he struck something beneath the surface of the water, either the bottom of the water hole or some object, which caused him to sustain a broken neck and precipitated his present state.[3]

The issues presented on this motion for summary judgment are (1) what duty Scott Paper owed Tracy Brown, which in turn depends on a determination of Tracy's status with reference to the land, and (2) whether there is sufficient evidence to justify a trial on the issue of whether the duty owed was breached by Scott Paper.

The Mississippi Supreme Court was recently confronted with a case in which the facts were very similar to those in the present case. In *Holley v. International Paper Company*, 497 So.2d 819 (Miss. 1986), the plaintiff and several of his friends had gone swimming in a river in an area that was part of a 170,000 acre tract of land owned by International Paper Company. The general public was not prohibited from using the area and swimming in the river, although no charge or admission was collected. *Holley*, 497 So.2d at 820. And, Holley had engaged in swimming there for several years prior to his accident. On the date of his accident, Holley dived off a rope swing hanging from a tree on the embankment into shallow water and broke his neck, rendering him a quadraplegic. The Mississippi Supreme Court affirmed the decision of the trial judge that Holley was, as a matter of law, a licensee and that International Paper therefore

owed him a duty only to refrain from willfully or wantonly injuring him, stating that "we think that, at best for appellant (Holley), he was a licensee by implication." *Id.* Since there was no indication that the defendant had done anything to the river to make it dangerous, the court concluded that summary judgment had been properly granted.

The court in *Holley* explained the distinction between trespassers, licensees and invitees, quoting extensively from *Hoffman v. Planters Gin Company, Inc.*, 358 So.2d 1008, 1011 (Miss.1978):

> As to status, an invitee is a person who goes upon the premises of another in answer of the express or implied invitation of the owner or occupant for their mutual advantage.... A licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner whereas a trespasser is one who enters upon another's premises without license, invitation or other right.

*Holley*, 497 So.2d at 820 (citations omitted).

■ Although plaintiff takes the position that there exists a question of fact as to whether Tracy Brown was a licensee or invitee, the court is of the opinion that Brown was, as Holley was, nothing more than an implied licensee. A licensee, unlike an invitee, is one who comes onto another's property for his own purposes rather than any purpose or interest of the owner or possessor of the land. W. Prosser, *Handbook on The Law of Torts* § 66 (1971). In the present case, the public was not prohibited from entering its lands, but Scott Paper charged nothing to those who did. Further, according to their uncontradicted testimony, Scott Paper employees and officers were not even aware of the swimming and diving activities on the company's land. There is thus a lack of the "mutual advantage" element necessary for Brown to be

other witnesses mentioned the presence of Stanley.

**3.** The complaint alleged that Tracy dived into the swimming hole and "struck his head on the

shallow bottom thereof." It now appears to be plaintiff's contention that he either hit the bottom of the swimming hole, or hit something—a fifty-five gallon drum—which was in the water.

considered an invitee. Tracy Brown himself stated in deposition testimony that he was not sure who owned the land and was not sure he "had any right to be out there." As far as he knew, he did not have permission to be on the land.

█ A landowner owes no duty to a licensee other than to refrain from willfully or wantonly injuring him, and not to set traps for him by exposing him to hidden perils. *Adams v. Fred's Dollar Store of Batesville,* 497 So.2d 1097, 1101 (Miss. 1986); *see also Marlon Investment Co. v. Conner,* 246 Miss. 343, 149 So.2d 312 (1963); *Holley,* 497 So.2d at 820.[4] The Mississippi Supreme Court has created a "simple-negligence" exception to this rule that applies against a landowner whose (1) active negligence subjects a licensee to unusual danger (2) when the presence of the licensee is known. *Hoffman v. Planters Gin Co.,* 358 So.2d 1008, 1013 (Miss.1978); *see also Archie v. Illinois Central Gulf Railroad Co.,* 709 F.2d 287, 289 (5th Cir. 1983).

█ In the court's opinion, there is no evidence to support a finding that Tracy Brown's accident and resultant injuries were caused by any willful or wanton conduct by Scott Paper. And, the "simple negligence" exception cannot afford a basis for plaintiff's claim since a requirement for the applicability of that exception is the defendant landowner's awareness of the presence of the licensee. Plaintiff has failed to demonstrate that anyone from Scott Paper knew that the abandoned gravel pit in question was being used by members of the public, or by Tracy Brown specifically, for swimming and diving activities. Further, each of the officers and employees of Scott Paper questioned by plaintiff's counsel specifically denied any such knowledge. Some knew about the existence of the gravel pit. Others were aware of the gravel pit but did not know that it contained water and, of those who were aware that the pit had filled with water, none had ever seen the makeshift diving board or rope swing, and none knew that the pit was being used as a swimming hole.

Even were the court to assume that Scott Paper officials were aware of swimming activities on the company's land, plaintiff's claims would nevertheless fail as plaintiff has presented no evidence of any "active negligence" on the part of Scott Paper which subjected Tracy Brown to unusual danger. The only conceivable basis upon which plaintiff might predicate a claim of active negligence by Scott Paper concerns the alleged existence of debris in the swimming hole. That is, plaintiff apparently contends that his injuries were caused when he hit an object in or under the surface of the water, specifically a fifty-five gallon drum. According to Brown's testimony, he learned from his friends after the accident that there was at least one and possibly more barrels in the water when he dived. However, the existence of barrels in the swimming hole is not relevant or probative unless plaintiff can demonstrate that his injuries were caused or contributed to by their presence. In this regard, Tracy Brown himself has stated that he is unsure as to what, if anything, he hit upon diving. It may have been the bottom of the swimming hole; it may have been a barrel; it may have been any number of things. He simply does not know.[5]

---

4. Plaintiff and defendants dispute whether Tracy Brown was a trespasser or a licensee, but for purposes of this motion, the distinction is of little significance since under Mississippi law, the landowner's duty to a trespasser and licensee is the same.

5. During the course of Tracy Brown's deposition, the following transpired:
   Q. Do you know what you hit?
   A. No.
         *    *    *    *    *    *
   Q. Do you know that you hit bottom this time?

   A. No, not for a fact.
   Q. Might it have been the bottom that you hit?
   A. I don't know.
   Q. Is it possible that that's what you hit?
   A. It could be possible
         *    *    *    *    *    *
   Q. You don't know that you hit any drum, do you?
   A. I don't know what I hit or anything.
   Q. Might just have easily have been the bottom. Is that what you are telling me?
   A. I don't know what I could have hit.

And, plaintiff has presented no evidence of any kind which would lend support to his theory of liability. That is, not only does Tracy not know what happened, but no one else knows either.[6]

While a jury may draw inferences from evidence presented, there must be some evidence upon which the jury may base findings. Here, the plaintiff himself is unsure what happened as are the witnesses to the accident. Under these circumstances, the jury would be required to resort to speculation and guesswork as to the cause of Tracy's injuries. Speculation is an impermissible basis upon which to base a jury verdict, and is insufficient to preclude the entry of summary judgment. *See Smith v. General Motors Corp.*, 227 F.2d 210, 213 (5th Cir.1955) (where plaintiff's hypothesis is but a guess or possibility, or no more probable than one of several others, case should not have been submitted to jury).

■ The simple negligence exception which may, at times, afford a basis for imposing liability on a possessor of land for injuries occurring on his property has no application where a licensee is injured as a result of the condition of the premises or passive negligence. *Adams*, 497 So.2d at 1101 (citing *Hughes v. Star Homes, Inc.*, 379 So.2d 301, 304 (Miss.1980)). This is consistent with the general rule that a licensee such as Tracy Brown

> receives the use of the premises as a gift, and comes well within the old saying that one may not look a gift horse in the mouth. He has no right to demand that the land be made safe for his reception, and he must in general, assume the risk of whatever he may encounter, and

look out for himself. The rendering of permission to enter carries with it no obligation to inspect the premises to discover dangers which are unknown to the possessor, nor, a fortiori, to give warning or protection against conditions which are known or should be obvious to the licensee.

> As to passive conditions on the land, it is still the settled rule that the possessor is under no obligation to the licensee with respect to anything that the possessor does not know. He is not required to inspect his land for unknown dangers, nor, of course, to disclose their existence or take precautions against them.

W. Prosser & W. Keeton, *The Law of Torts* § 60 at 412, 417 (5th ed. 1984).

Plaintiff has presented nothing to demonstrate that anyone from Scott Paper was aware of the use of its gravel pit as a swimming hole or that there were drums or any other debris in the water. And, Scott Paper's duty was not to *discover* dangerous conditions or remedy them, but only to "use reasonable care to warn ... of any concealed dangerous conditions or activities *which [were] known to [Scott Paper] ...*" *Marlon Investment Co. v. Conner*, 246 Miss. 343, 149 So.2d 312, 315 (1963) (*quoting* W. Prosser, *Handbook on The Law of Torts* § 77 (4th Ed. 1971)). That defendant failed to discover the presence of Tracy Brown or others on its property and failed to discover the existence of and/or use of a water-filled gravel pit as a swimming and diving area could conceivably amount, at most, only to passive negligence for which no liability may be imposed.[7]

---

> Q. Since you don't know that you hit the drum, you may very well have hit the bottom, isn't that right?
>
> A. I really don't know.

**6.** Coupled with Brown's uncertainty as to precisely what happened is the positive testimony of one of Brown's friends, Lori Williams, who testified by deposition that while there was a barrel in the pond, "it was too far out there in the water" to pose a danger to anyone diving and that Tracy did not hit the barrel.

The court also notes that Leigh Ann Shows initially testified that she was standing on the barrel in question at the time Tracy dived and that the water where he dived was just too

shallow. She later testified that she had crossed to the bank before his dive, and did not know whether he could have hit the barrel.

**7.** In support of its proposition that summary judgment is inappropriate under the circumstances of this case, plaintiff relies on this court's decision in *Dumas v. Pike County, Mississippi*, 642 F.Supp. 131 (S.D.Miss.1986), in which this court declined to grant summary judgment in favor of a landowner, Julius O'Quinn, as to his potential liability for a diving accident on his land. The court would note, however, that after the decision by the Mississippi Supreme Court in *Holley*, the plaintiff in *Dumas* voluntar-

In the court's opinion, after having carefully reviewed the briefs and matters of record in this cause, the plaintiff has presented insufficient evidence from which a jury could find in his favor. It follows, therefore, that there is no purpose in a trial and the entry of summary judgment is appropriate. As the Supreme Court explained in *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp.,* 106 S.Ct. at 2552–53. An essential element of Tracy Brown's claim requires proof that Scott Paper breached a duty owed him. There is no evidence that would support such a finding; thus, summary judgment should be entered. *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, it is ordered that the motion of defendant Scott Paper Company for summary judgment is granted.

In addition to the motion for summary judgment filed by defendants, the court has before it a motion of plaintiff to amend his complaint to allege willful and wanton conduct by defendant. The court has concluded however, in considering defendant's motion for summary judgment, that the undisputed facts do not demonstrate any conduct by defendant that could be said to rise to the level of willful or wanton. Accordingly, plaintiff's motion to amend is denied.

All remaining motions pending at this time are rendered moot by this court's decision on defendant's summary judgment motion.

A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

ily agreed to dismiss Julius O'Quinn from the lawsuit since *Holley* precluded a finding of liability against O'Quinn. An order was therefore entered by this court dismissing O'Quinn from the lawsuit.