JONES, Justice:
Doxey Fisher filed suit in the Chancery Court of the First Judicial District of Hinds County against Heber Ladner, Secretary of State, and H. T. Ashford, Jr., Circuit Clerk of Hinds County, seeking a decree adjudicating Mississippi Code 1942 Annotated sections 3179, 3180, 3181 and 3193 to be unconstitutional, and for an injunction enjoining the defendants and all other persons in the State of Mississippi from requiring, receiving or filing the reports required by said statutes and from enforcing said statutes. From a decree sustaining the prayer of the bill, the defendants appeal.
The bill of complaint averred that Doxey Fisher was suing on behalf of himself and as a representative of a class of electors who duly and properly qualified as candidates in the 1971 Democratic primaries throughout the State of Mississippi; Fisher alleged that he qualified as a candidate for the House of Representatives from Hinds County, entered the second primary and in the second primary was defeated. He made numerous averments concerning the aforementioned statutes and the requirements with reference to reporting financial contributions to candidates, their reports of such contributions, and the penalties for violating said statutes. After a hearing on the merits, a decree was entered adjudging that sections 3179, 3180, 3181 and 3193 were unconstitutional because of the limitations on primary expenditures imposed by section 3180 and then stated that only section 3180 was declared unconstitutional. The decree then adjudged that Senate Bill 2203 (Chap. 510, Laws 1971) was effective as of April 9, 1971. This act amended sections 3179, 3181 and 3193 and repealed section 3180. It ordered an injunction issued suspending the reporting requirements of sections 3179, 3181 and Senate Bill 2203 until the time for appeal expired, or, if an appeal were taken, until a final adjudication by an appellate court of competent jurisdiction.
The first question is whether the complainant stated facts showing that an actual controversy existed between himself and his alleged class and the defendants. At the time the suit was filed on September 4, 1971, Fisher had lost the second primary. Therefore, he could not have been in jeopardy of losing any official benefits under any of the provisions of the statute referred to. He did not allege that he was threatened with prosecution, nor that any other person was threatened with prosecution.
It is one of the fundamentals of judicial procedure that courts will not undertake to decide abstract questions when there is no actual justiciable issue between the purported litigants. It seems clear to this Court that there was no genuine controversy between the parties to this cause, and the court ought to have dismissed the bill of complaint on that basis. This Court will not entertain an appeal where there is no actual controversy. McDaniel v. Hurt, 88 Miss. 769, 41 So. 381 (1906). “Judicial power is the power to hear and determine a controversy. It is the duty of a court to adjudicate actual or real controversies existing among parties with adverse interests and conflicting claims. Therefore, ordinarily, courts will not pass upon the constitutionality of a statute in an action in which there is no actual antagonistic interest between the parties.” 20 Am.Jur.2d Courts § 80, p. 441 (1965).
 Considerable is said in the briefs about whether Chapter 510, Laws of 1971, became effective on April 9, 1971, (when it was approved) because of the provisions of the Voting Rights Act of 1965 [42 U.S.C. § 1973c], However, the record in this case shows that on September 14, 1971, the At *635 torney General of the State of Mississippi was advised by the Attorney General of the United States that the latter would not at that time interpose an objection to the implementation of this statute. We are of the opinion that Chapter 510, Laws of 1971, took effect as of the date of its approval on April 9, 1971, therefore, Mississippi Code 1942 Annotated section 3180 was repealed at that time and there was no basis for the court’s decree adjudicating that sections 3179, 3181 and 3193 were unenforceable because of the unconstitutionality of section 3180.
We are of the opinion that if there ever were an actual controversy between the parties in this case, it is now moot. Insured Savings & Loan Association v. State, ex rel. Joe T. Patterson, 242 Miss. 547, 135 So.2d 703 (1961).
For the foregoing reasons the injunction issued in this case is vacated, the decree below reversed, and the bill of complaint dismissed.
Reversed and rendered.
All Justices concur.