915 So.2d 516 (2005)
Clifton ROBINSON, Jacqueline Robinson and Linda Faye Pendleton, Appellant
v.
SOUTHERN FARM BUREAU CASUALTY COMPANY, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company and Claiborne County Farm Bureau, Appellee.
No. 2003-CA-02797-COA.
Court of Appeals of Mississippi.
November 29, 2005.
*518 Harry Merritt McCumber, James F. Noble, Jackson, Christopher Wayne Cofer, attorneys for appellant.
Charles G. Copeland, Rebecca Suzanne Blunden, Ridgeland, attorneys for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Clifton Robinson, Jacqueline Robinson, and Linda Faye Pendleton (Robinson Appellants) appeal from the granting of summary judgment by the Circuit Court of Claiborne County in their multi-count civil action against Southern Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, and Claiborne County Farm Bureau. The Robinson Appellants raise the following issues:
I. Whether the trial court erred in holding that the Appellants' fraud claims are barred by the three year statute of limitations.
II. Whether the trial court erred in denying Appellants' motion for continuance and erred in granting Appellee's motion for summary judgment before discovery had been completed.
III. Whether the trial court erred in holding that Appellants' claims are barred by the filled rate doctrine.
¶ 2. As the first two issues are dispositive, we decline to discuss the final issue. Finding no error, we affirm the trial court's grant of summary judgment.

STATEMENT OF FACTS
¶ 3. On February 9,1998, Clifton and Jacqueline Robinson purchased three automobile insurance policies from Southern Farm Bureau Casualty Insurance Company (Southern Farm). Linda Faye Pendleton purchased a similar policy from Southern Farm on May 27, 1998. Each policy included optional automobile disability income coverage. The disability income coverage provided that in the event an insured was rendered disabled due to an auto accident, Southern Farm would pay the insured between seven and twenty dollars per day. The premium for the disability coverage was three dollars per six month policy period.
¶ 4. Southern Farm eliminated the auto disability income coverage in October 2002. Southern Farm subsequently refunded the disability coverage premiums to subscribing insureds. The Robinson Appellants sued Southern Farm on December 30, 2002 alleging the following claims: (1) tortious breach of contract, (2) breach of duty of good faith and fair dealing, (3) fraud, (4) fraudulent inducement, (5) breach of fiduciary duty, (6) negligent misrepresentation, (7) unfair and deceptive trade practices, (8) continuing fraudulent misrepresentations, suppressions and deceit, (9) emotional distress, (10) fraud by deceit, and (11) negligent training, monitoring and supervising insurance agents. The Robinson Appellants claimed that the auto disability income coverage was illusory and provided no real benefit to them. The Robinson Appellants further alleged that Southern Farm's conduct resulted in economic loss, damage to credit and credit reputation, emotional distress and physical pain and suffering.
¶ 5. After filing a timely answer, Southern Farm moved for summary judgment on October 8, 2003 alleging (1) that the Robinson Appellants were barred by the three year statute of limitations and (2) that their claims were legally insufficient.
¶ 6. On October 9, 2003, the Robinson Appellants filed a Motion for Continuance *519 and for Extension of Time to Respond to Defendant's Motions for Summary Judgment. On November 13, 2003, the trial court judge rendered an opinion and order denying the Robinson Appellants' motion for continuance and granting the Appellee's motion for summary judgment.

LEGAL ANALYSIS

I. Whether the trial court erred in holding that the Appellants' fraud claims were barred by the three year statute of limitations.

STANDARD OF REVIEW
¶ 7. As the application of a statute of limitations is a question of law, the issue is reviewed de novo. Powe v. Byrd, 892 So.2d 223, 227(¶ 14) (Miss.2004).

DISCUSSION
¶ 8. The majority of the Robinson Appellants' claims against Southern Farm were claims of fraud. The three year statute of limitations for fraud begins to accrue upon the purchase of an insurance policy. Stephens v. Equitable Life Assur. Society of U.S., 850 So.2d 78, 83(¶ 16) (Miss.2003). The Robinson Appellants purchased automobile insurance policies from Southern Farm in 1998 and filed suit against Southern Farm in 2002. However, the Robinson Appellants argue that the statute of limitations for their fraud claims was tolled due to fraudulent concealment. Mississippi Code Annotated § 15-1-67 provides:
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
In order to successfully toll the statute of limitations by using the fraudulent concealment doctrine, the plaintiff must first show that the defendant performed some affirmative act to conceal the cause of action. Stephens, 850 So.2d at 84. The Robinson Appellants failed to allege any affirmative act committed by Southern Farm or its agents which would invoke the fraudulent concealment doctrine.[1] Instead, the Robinson Appellants vaguely referenced misrepresentations and concealment attributable to Southern Farm without specifying any factual basis for these assertions. Therefore, the fraudulent concealment doctrine does not apply to the Robinson Appellants' fraud claims. The statute of limitations began to accrue in 1998 upon the purchase of their insurance policies, and the trial court was correct in finding that the Robinson Appellants' fraud claims were time barred.

II. Whether the trial court erred in denying Appellants' Motion for Continuance and erred in granting Appellee's Motion for Summary Judgment before discovery had been completed.

1. Motion for Continuance

STANDARD OF REVIEW
¶ 9. The standard of review for a grant or denial of a motion for continuance is abuse of discretion, and this Court will not reverse the trial court unless the ruling resulted in manifest injustice. New v. Comola, 881 So.2d 369, 373(¶ 13) (Miss.Ct. App.2004).

*520 DISCUSSION
¶ 10. Rule 56(f) of the Mississippi Rules of Civil Procedure gives trial judges the authority to grant a continuance and additional time to respond to a summary judgment motion when an opposing party shows a need for additional information in order to respond to the summary judgment motion. The Robinson Appellants alleged in their motion for continuance that Southern Farm failed to respond to written discovery concerning the historical makeup and actuarial composition of the disability income coverage. A party invoking Rule 56(f) must demonstrate that the discovery of specific facts will aid in rebutting a movant's showing that no genuine issue of material fact exists. Hobgood v. Koch Pipeline Southeast, Inc., 769 So.2d 838, 845(¶ 35) (Miss.Ct.App.2000).
¶ 11. The trial court found that the Robinson Appellants failed to assert how the information sought was material to the legal issues and arguments presented in Southern Farm's summary judgment motion. The court also found that the Robinson Appellants had not sought any additional discovery from Southern Farm. In its opinion, the trial court stated that the Robinson Appellants' attorneys have filed several similar cases against Southern Farm. In those cases the Robinson Appellants' attorneys received over 5,500 documents from Southern Farm relating to the automobile disability income coverage, including rate filings and actuarial summaries. Given these facts, we fail to see how any manifest injustice resulted from the trial court's denial of the Robinson Appellant's motion for continuance. This issue is without merit.

2. Summary Judgment

STANDARD OF REVIEW
¶ 12. Summary judgment orders are reviewed de novo. Pitts v. Watkins, 905 So.2d 553, 555(¶ 6) (Miss.2005)(citing Aetna Cas. & Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)). This Court examines all evidentiary matters presented to the court below "in the light most favorable to the party against whom the motion is made." Id. "The trial judge's decision will be reversed if a triable issue of fact exists; otherwise, the decision of the lower court will be affirmed." Erby v. North Miss. Med. Center, 654 So.2d 495, 499 (Miss. 1995).

DISCUSSION
¶ 13. Since the Robinson Appellants' fraud claims are time barred, we limit the summary judgment discussion to the remaining non-fraud claims asserted by the Robinson Appellants. These claims are: tortious breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, unfair and deceptive trade practices, emotional distress, and negligent training, monitoring and supervising insurance agents.
¶ 14. It is undisputed that the Robinsons never filed a claim with Southern Farm under the disability coverage. It is also undisputed that Pendleton filed a claim and received payments under the disability coverage. A tortious breach of contract is a breach of contract coupled with "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." Wilson v. Gen. Motors Acceptance Corp., 883 So.2d 56, 66(¶ 40) (Miss.2004). The duty of good faith and fair dealing applies to the performance and enforcement of a contract. Braidfoot v. William Cary College, 793 So.2d 642, 651 (¶ 28) (Miss.Ct.App.2000). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party." Id. The trial court found that no triable issue of fact *521 existed regarding the contract claims because there was no breach of contract. We find that the trial court was correct in concluding that the Robinson Appellants' contract claims lacked any factual basis and were legally insufficient.
¶ 15. The Robinson Appellants also claimed that Southern Farm breached a fiduciary duty owed to them. However, under Mississippi law, no fiduciary duty exists between an insurer and an insured in the context of first-party insurance contracts. Estate of Jackson v. Miss. Life Ins. Co., 755 So.2d 15, 24(¶ 36) (Miss.Ct.App.1999)(citing Szumigala v. Nationwide Mut. Ins. Co., 853 F.2d 274, 280 n. 7 (5th Cir.1988)). Accordingly, the trial court properly concluded that this claim was also legally insufficient to withstand summary judgment.
¶ 16. The Robinson Appellants' remaining claims of unfair and deceptive trade practices, emotional distress, and negligent training, monitoring and supervising insurance agents were bare assertions lacking any factual basis. General allegations without precisely stated facts are insufficient to overcome a summary judgment motion. Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 395(¶ 19) (Miss.2001)(citing Brown v. Credit Center, Inc., 444 So.2d 358 (Miss.1983)). Therefore, these claims were also properly disposed of in the trial court's grant of summary judgment.

CONCLUSION
¶ 17. For the foregoing reasons we find that the Robinson Appellants' fraud claims were time barred, no manifest injustice resulted from the denial of their motion for continuance, and the dismissal of the remaining claims through summary judgment was proper since no genuine issue of material fact existed.
¶ 18. THE JUDGMENT OF CLAIBORNE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Furthermore, the Robinson Appellants failed to meet the basic requirement of Rule 9(b) of the Mississippi Rules of Civil Procedure, which requires fraud to be plead with particularity.