990 So.2d 771 (2008)
Lynette CRISS, Appellant,
v.
LIPSCOMB OIL COMPANY, Appellee.
No. 2006-CA-01726-COA.
Court of Appeals of Mississippi.
April 8, 2008.
Rehearing Denied September 23, 2008.
*772 James C. Patton, Kosciusko, attorney for appellant.
Andrew N. Alexander, Greenville, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On September 13, 2003, Lynette Criss slipped and fell while exiting a restroom located in a convenience store in Cleveland, Mississippi. The convenience store was owned and managed by Lipscomb Oil Company, Inc. (Lipscomb). Criss subsequently filed a negligence action in the Bolivar County Circuit Court against Lipscomb seeking damages as a result of her fall. Lipscomb filed a motion for summary judgment, which was granted by the trial court. Criss now appeals, asserting that the trial court erred in granting summary judgment in favor of Lipscomb. Facts pertinent to the issue will be discussed more fully below.

STANDARD OF REVIEW
¶ 2. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant "fails to make a showing sufficient *773 to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987) (citation omitted).

DISCUSSION
¶ 3. In her only issue on appeal, Criss argues that the trial court erred in granting summary judgment in favor of Lipscomb. Upon entering the premises, Criss became an invitee. Therefore, Criss must prove: (1) that Lipscomb's negligence injured her, (2) that Lipscomb had knowledge of the dangerous condition and failed to warn her, or (3) that the condition existed for a sufficient amount of time so that Lipscomb should have had knowledge or notice of the condition. Anderson v. B.H. Acquisition, Inc., 771 So.2d 914, 918(¶ 8) (Miss.2000) (citing Downs v. Choo, 656 So.2d 84, 86 (Miss.1995)).
¶ 4. There is no duty to warn of a defect or danger that is as well known to the invitee as to the landowner, or of dangers that are known to the invitee, or dangers that are obvious or should be obvious to the invitee in the exercise of ordinary care. Grammar v. Dollar, 911 So.2d 619, 624(¶ 12) (Miss.Ct.App.2005). Additionally, the owner of a business does not insure the safety of its patrons. Rather, the owner of a business "owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions not readily apparent, which the owner or occupant knows of, or should know of, in the exercise of reasonable care." Robinson v. Ratliff, 757 So.2d 1098, 1101(¶ 12) (Miss.Ct.App.2000).
¶ 5. Valerie Jones, an employee of Lipscomb, inspected the ladies' restroom approximately thirty minutes prior to Criss's fall. Jones noted that the restroom was clean, and there was no water on the floor. Jones also stated that other customers used this same restroom after her inspection, but no one reported any unsafe conditions. Criss testified that she saw a substance resembling ice cream on the floor of the restroom near the sink, but she did not see any such substance on the floor between the door and the toilet stall. Criss admitted that she walked directly from the door to the toilet stall and exited in the same manner.
¶ 6. After Criss told Jones that she fell in the restroom, Jones entered the restroom and noticed a dripping faucet and some water on the floor by the sink. Jones testified that the pipe under the sink in the men's restroom had leaked on prior occasions, but not the pipe under the sink in the ladies' restroom. Jones stated that Criss asked her and another employee if they thought she would be able to receive compensation as a result of her fall.
¶ 7. Criss has failed to provide any evidence that Lipscomb knew that an alleged dangerous condition existed in the ladies' restroom, that Lipscomb caused the alleged dangerous condition, or that the alleged dangerous condition had existed for a sufficient period of time to establish constructive knowledge. After reviewing the record, we cannot find that Criss has presented a genuine issue of material fact. Summary judgment in favor of Lipscomb was appropriate.
¶ 8. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.