# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01183-COA

| | |
|---|---|
| JOHN KARSTEN SIMRALL, KATHERINE RAE LEIST AND SIMRALL & SIMRALL, A MISSISSIPPI GENERAL PARTNERSHIP | APPELLANTS |

v.

| | |
|---|---|
| BUNGE-ERGON VICKSBURG LLC | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2014 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | PENNY B. LAWSON |
| | DAVID M. SESSUMS |
| ATTORNEYS FOR APPELLEE: | CHARLES STEPHEN STACK JR. |
| | J. KEVIN WATSON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF/APPELLEE |
| DISPOSITION: | AFFIRMED – 11/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

IRVING, P.J., FOR THE COURT:

¶1.     This appeal arises from a summary judgment rendered in the Circuit Court of Warren County in favor of Bunge-Ergon Vicksburg LLC (Ergon) against Simrall & Simrall, a general partnership; and Simrall's partners, Katherine Rae Leist and John Karsten Simrall (the Simrall defendants, unless the context dictates otherwise). The Simrall defendants raise several issues, which we condense into one: whether forbearance from a justiciable claim to

which there are conceivably valid defenses is consideration sufficient to support a promissory note and a personal guaranty. Finding that it is, we affirm.

## FACTS

¶2. Simrall was a farming business. On June 8, 2010, Katherine executed a contract that obligated Simrall to sell Ergon 100,000 bushels of corn to be delivered no later than September 30, 2011 (the contract). During the spring of 2011, Simrall planted corn near the Yazoo River, but before the harvest, the river flooded, and most of the corn was destroyed. So Simrall unilaterally cancelled the contract.

¶3. On August 11, 2011, John executed a promissory note that obligated Simrall to pay Ergon $283,812.50, representing "the fair market value of the market difference owed to Ergon by Simrall" as a result of Simrall's cancellation of the contract. That same day, John signed a personal guaranty that obligated him to pay any unpaid debt owed by Simrall to Ergon, but neither Simrall nor John made any such payments. So Ergon filed a complaint against the Simrall defendants, based upon the Simrall defendants' failure to perform their respective obligations under the promissory note and the guaranty. The Simrall defendants filed a motion for summary judgment, and Ergon countered with its own motion for summary judgment. On July 29, 2014, the circuit court entered a summary judgment in favor of Ergon, and this appeal ensued.

## DISCUSSION

¶4. "In reviewing a lower court's grant of summary judgment, this Court employs a de

novo standard of review." *Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 772 (¶2) (Miss. Ct. App. 2008) (citing *Anglado v. Leaf River Forest Prods.*, 716 So. 2d 543, 547 (¶13) (Miss. 1998)). "[We] examine[] all evidentiary matters presented to the court below in the light most favorable to the party against whom the motion is made." *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (¶12) (Miss. Ct. App. 2005) (citation omitted). The summary judgment "will be reversed if a triable issue of fact exists; otherwise, the [judgment] will be affirmed." *Id*. (quoting *Erby v. N. Miss. Med. Ctr.*, 654 So. 2d 495, 499 (Miss. 1995)).

¶5.     The Simrall defendants argue that the grant of summary judgment was improper because the contract was unconscionable in that (1) "[t]here was no negotiation over [its] terms and conditions," and (2) it contained a force majeure clause that protected only Ergon. They also argue that their duty to perform under the contract was discharged by the flood, which, according to them, was an act of God. The Simrall defendants further argue that because they would have had valid defenses to any breach-of-contract claims alleged by Ergon, the note and guaranty were not supported by consideration.

¶6.     In response, Ergon argues that the contract is completely irrelevant to this litigation, the basis of which is the note and the guaranty. Ergon also argues that forbearance was sufficient consideration under Mississippi common law and the Uniform Commercial Code. Additionally, Ergon argues that the Simrall defendants' defenses to the original contract were waived when John executed the note on behalf of Simrall & Simrall and the personal guaranty. Alternatively, Ergon argues that because mutuality of contractual obligations is

3

not required under Mississippi law, the one-sided force majeure clause does not render the contract unconscionable or unenforceable and that by executing the promissory note and guaranty, the Simrall defendants ratified the contract.

¶7.    In support of its motion for summary judgment, Ergon submitted an uncontested affidavit executed by Debra Buckelew, a former Ergon employee.  In the affidavit, Debra stated:

[1].    On or about June 21, 2011, John . . . called [Ergon and spoke with her].

[2].    [John] told [her] that [Simrall & Simrall] would not be able to deliver the corn that [Simrall & Simrall] had agreed to deliver to [Ergon] because of [the] flooding of [Simrall & Simrall's] farm lands.

[3].    During that conversation, [John] requested that [Ergon] cancel its contract with [Simrall & Simrall] and determine the fair market value of the market difference owed to [Ergon] by [Simrall & Simrall] as a result of such cancellation.  That same day, Ergon determined the market difference, and [Debra] called [John] back that day and told him the amount of the market difference.

**** 

[4].    On or about June 22, 2011, [John] called [Ergon], and [Debra] talked to [John, who] told [her] that he would deliver a check to [Ergon] to pay such market difference.

[5].    On June 23, 2011, [John] called [Ergon and] told [Debra] that [Simrall & Simrall] could not pay [Ergon] such market difference because [Simrall & Simrall] would not receive flood[-]insurance proceeds until September[] 2011, and the bank with which [Simrall & Simrall] did business would not loan the partnership money to enable [it] to pay such market difference.

[6].    During that conversation, [Debra] proposed that [John, on behalf of Simrall & Simrall,] sign [the] [p]romissory [n]ote to secure the fair[-

4

]market difference that [Simrall & Simrall] owed to [Ergon]. [John] agreed to sign [the] [n]ote[,] saying "that would be great" because this would give him more time for [Simrall & Simrall] to pay the market difference owed by [Simrall & Simrall].

****

[7]. The form of [the] [p]romissory [n]ote . . . was [later] changed to provide that the [n]ote was to be payable on . . . November 20, 2011[.]

[8]. On August 11, 2011, [John] [went to Ergon's] office[] and signed the [p]romissory note and [p]ersonal [g]uaranty in [Debra's] presence.

¶8. Where bargained for, "[a] party's forbearance to sue on a justiciable claim can constitute valuable consideration." *Hearn v. Shelton*, 762 So. 2d 792, 794 (¶5) (Miss. Ct. App. 2000) (citing *Daniel v. Snowdoun Ass'n*, 513 So. 2d 946, 949 (Miss. 1987)). To be justiciable, a claim need only be "definite and concrete, . . . touch[ing] the relations of real parties having antagonistic interests." *Swaney v. Swaney*, 962 So. 2d 105, 107 (¶8) (Miss. Ct. App. 2007) (citation omitted). And under Mississippi Code Annotated section 75-3-303(a)(3) and (b) (Rev. 2002), if an instrument "is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due[,]" then, the instrument is "consideration sufficient to support a simple contract."

¶9. The record reveals that as consideration for the promissory note and the guaranty, Ergon refrained from filing a complaint against the Simrall defendants after Simrall & Simrall breached the contract. It is clear that Ergon's breach-of-contract claims were definite and concrete in that Simrall & Sumrall had unquestionably and admittedly breached the contract; the claims touched real parties, Ergon and the Simrall defendants; and the parties

had antagonistic views. The fact that the Simrall defendants could have asserted valid defenses to Ergon's claims does not invalidate their justiciability. *Stanley v. Sumrall*, 167 Miss. 714, 147 So. 786, 788 (1933) (citation omitted) (finding that "[a] doubtful or disputed claim, sufficient to constitute a good consideration for an executory contract of compromise, is one honestly and in good faith asserted, arising from a state of facts on which a cause of action can be predicated, with a reasonable belief on the part of the party asserting it, that he had a fair chance of sustaining his claim, and concerning which an honest controversy may arise, although, in fact, the claim may be wholly unfounded"). So Ergon's forbearance was adequate consideration for the note and the guaranty. Therefore, the circuit court did not err in granting summary judgment to Ergon. Accordingly, we affirm.

¶10.    **THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, MAXWELL, FAIR AND WILSON, JJ., CONCUR. CARLTON AND JAMES, JJ., NOT PARTICIPATING.**