# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01237-COA

**ANNIE Y. GRIFFIN AND FREDERICK GRIFFIN**　　　　　　　**APPELLANTS**

**v.**

**ABN AMRO MORTGAGE GROUP, INC., ITS**　　　　　　　**APPELLEES**
**AFFILIATES, HEIRS, AND ASSIGNS, MORRIS**
**& ASSOCIATES, EMILY K. COURTEAU,**
**INDIVIDUALLY AND IN HER CAPACITY AS**
**SUBSTITUTED TRUSTEE ON THE DEED OF**
**TRUST, AND CITIMORTGAGE INC., AS**
**SUCCESSOR IN INTEREST TO ABN**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2015 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | FREDERICK GRIFFIN (PRO SE) |
| | ANNIE Y. GRIFFIN (PRO SE) |
| ATTORNEYS FOR APPELLEES: | BRADLEY BARRON VANCE |
| | RICHARD CARLTON KELLER |
| | MICHAEL ALAN JEDYNAK |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | ACTION DISMISSED FOR FAILURE TO PROSECUTE |
| DISPOSITION: | AFFIRMED - 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.　Annie and Frederick Griffin stopped paying their mortgage following a disagreement with their mortgage provider over modified loan terms. In 2007, they sued their mortgage carrier, ABN, in the Chancery Court of DeSoto County (*Griffin I*), alleging fraud as well as violations of the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act

(TILA). The case was removed to federal court, and in 2012 the district court dismissed the action for failure to prosecute. The court's order noted that it had previously warned the Griffins that dismissal for failure to prosecute was imminent if the case did not move forward, and also noted that the Griffins appeared to be engaged in a deliberate strategy of extending the life of the litigation indefinitely. After the case was dismissed, the Griffins filed a new, substantially identical complaint in DeSoto County Chancery Court (*Griffin II*). *Griffin II* was dismissed on the ground of res judicata. The Griffins appeal the dismissal of *Griffin II* to this Court. Finding no error, we affirm.

**FACTS AND PROCEEDINGS BELOW**

¶2.     In *Griffin I*, the defendant mortgage company sought to compel arbitration after being sued by the Griffins over modified loan terms. The motion to arbitrate was granted, but the case was remanded back to federal court in June 2010 after the designated arbitrator withdrew from the consumer arbitration business. In March 2011, the Griffins filed a motion to declare the arbitration agreement unenforceable. To move the litigation along, the defendants filed a motion to withdraw their request to compel arbitration, consenting to proceed in court. The district court granted the motion.

¶3.     The Griffins then filed a pro se motion objecting to the court's grant of the defendants' withdrawal of the request to compel arbitration.[1] The Griffins objected to the

---

[1] At this point in the litigation the court granted the Griffins' attorney's request to withdraw. The attorney represented to the court:

> The undersigned attorney is no longer able to effectively communicate with the Plaintiffs concerning the litigation of this case . . . . The clients in this matter insist on pursuing objectives that the undersigned considers to be

motion being granted prior to their having an opportunity to respond (even though the Griffins had a standing motion to find the arbitration agreement unenforceable), and then proceeded to argue that the mortgage contract bound both parties to resolve disputes by arbitration.

¶4.    On May 23, 2012, the district court entered an order on its own motion dismissing the case for failure to prosecute. The court, in a detailed order, traced the Griffins' shifting legal arguments and came to the conclusion that "[i]t appears to this court that plaintiffs view this lawsuit not as something to be actually litigated, but, rather, as something to be kept alive indefinitely, even at the cost of taking a position that is fundamentally inconsistent with the one they have taken for years in this case."

¶5.    In January 2014, following the dismissal of the case from the federal court, the Griffins filed a new complaint pro se in the Chancery Court of DeSoto County (*Griffin II*). The new complaint asserted the same causes of action arising out of the same factual circumstances as those asserted in *Griffin I*. After various procedural actions including a removal to and then remand back from federal court, as well as reassignment to a different chancellor, the chancery court granted the defendants' motion to dismiss *Griffin* II on the ground of res judicata.

¶6.    The Griffins appeal pro se.

## DISCUSSION

¶7.    "The appropriateness of application of the doctrine of res judicata is a question of

---

imprudent and providing the undersigned with instructions that are inconsistent with the undersigned's professional advice.

law" and will therefore be reviewed de novo. *Swaney v. Swaney*, 962 So. 2d 105, 108 (¶11) (Miss. Ct. App. 2007).

¶8.     We agree with the chancellor that *Griffin II* is properly barred under the doctrine of res judicata. The doctrine of res judicata has four identities: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Harrison v. Chandler-Sampson Ins.*, 891 So. 2d 224, 232 (¶24) (Miss. 2005).

¶9.     All four identities are met in the case at hand. The factual allegations in the complaint of *Griffin II* were copied almost verbatim from the complaint of *Griffin I*, and with the exception of dropping a couple of claims (the FDCPA and TILA claims), the complaint reasserts the same claims of fraud. All parties present in *Griffin I* were also present in *Griffin II*.

¶10.    In addition to those four identities, to qualify as res judicata the prior judgment must have been a final judgment on the merits. *Anderson v. LaVere*, 895 So. 2d 828, 833 (¶10) (Miss. 2004). Under both Mississippi and Federal Rule of Civil Procedure 41(b), dismissal for failure to prosecute operates as a final judgment and dismissal is with prejudice. An exception is found in Mississippi Rule of Civil Procedure 41(d), which provides that where dismissal is made by the clerk following twelve months of docket inactivity, that dismissal is without prejudice. *See Strickland v. Estate of Broome*, 179 So. 3d 1088, 1094 (¶18) (Miss. 2015). But the case at hand does not fall under Rule 41(d), but rather falls under Rule 41(b). Prior to dismissal, the Griffins were put on notice by the district judge that the case would

be dismissed for failure to prosecute if the litigation did not move forward in a meaningful way. The Griffins responded by shifting their legal position in order to avoid trying the merits of the case. The district court's dismissal of the action was not only appropriate for failure to prosecute, but was also consistent with the Griffins' new argument that the case should not be tried in court at all but rather arbitrated.

¶11.    The remaining issues the Griffins raise on appeal are also without merit. The Griffins filed a petition for review in the Mississippi Supreme Court under Mississippi Rule of Appellate Procedure 21, objecting to an administrative reassignment of their case to a different chancellor by the court clerk. This motion was denied by order on November 4, 2015, and the Griffins did not file a motion for reconsideration within fourteen days as required by Mississippi Rule of Appellate Procedure 27(h)(5). The Griffins also argue that the chancery court erred in failing to rule on the defendants' motion to transfer the case to circuit court—a motion the Griffins opposed and which the defendants withdrew. The Griffins have cited no legal basis, nor can we find any, indicating how the Griffins were conceivably prejudiced by the chancery court failing to rule on a transfer motion that the Griffins opposed and that was withdrawn by the defendants. These issues are without merit.

## CONCLUSION

¶12.    We agree with the district court's observation that the Griffins appear engaged in a strategy of deliberately prolonging litigation against their mortgage company without any intent to actually reach the merits of their claims. The dismissal of *Griffin I* for failure to prosecute operated as a final judgment on the merits, and the Chancery Court of DeSoto

5

County appropriately dismissed *Griffin II* as barred by the doctrine of res judicata.

¶13. **THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**