# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60127
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2023

Lyle W. Cayce
Clerk

Hannah Moody,

*Plaintiff—Appellant*,

*versus*

Walmart, Inc.; John or Jane Does 1-10; Wal-Mart Stores
East, L.P.,

*Defendants—Appellees*.

—————————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-537

—————————————————————————————

Before Clement, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

A jury found that Hannah Moody failed to show that Walmart was negligent in a premises liability case. Moody argues that she is entitled to a new trial because the district court admitted evidence that Moody had used

——————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

marijuana in the past, which she contends is impermissible character evidence. The district court denied her request. We AFFIRM.

## I.

Around midnight on September 3, 2016, Moody was shopping at Walmart when several boxes fell off a pallet jack being pulled by a Walmart employee and hit her. Claiming that the fallen boxes injured her, Moody sued Walmart for premises liability.[1] Walmart moved for summary judgment, which the district court denied as to the premises-liability claim after finding that there was a genuine dispute of material fact regarding how high the boxes were stacked on the pallet, their stability on the pallet, and thus whether Walmart created a dangerous condition.

Before trial, Moody filed a motion *in limine* to exclude medical records and other evidence that Moody used marijuana as irrelevant and likely to confuse or mislead the jury. The district court granted the motion with respect to a statement in Moody's medical records suggesting that she was smoking marijuana while breastfeeding, but otherwise denied it. Specifically, the district court found that there was circumstantial evidence that Moody was impaired at the time of the incident and therefore evidence of Moody's marijuana use would speak directly to her credibility as a witness and whether she was contributorily negligent. Moody did not challenge or otherwise object to the admission of this evidence on any other grounds.

After a four-day trial, the jury returned a unanimous verdict in favor of Walmart, finding that Moody had failed to show that Walmart was negligent. Consistent with the verdict form's instructions, the jury did not

---

[1] Moody's complaint included several other claims not relevant to this appeal.

reach the issue of whether Walmart had shown that Moody was contributorily negligent.

Moody moved for a new trial, arguing that the district court's admission of evidence of Moody's marijuana use violated Federal Rule of Evidence 404(b)'s prohibition on the use of character evidence. The district court denied the motion, concluding that Moody failed to preserve her objection, and, in any event, exclusion of the evidence of her marijuana use would not have changed the verdict. Moody appeals.

## II.

Normally, we review for abuse of discretion both the district court's admission of evidence, *Wantou v. Wal-Mart Stores Tex. L.L.C.*, 23 F.4th 422, 432 (5th Cir. 2022), and its denial of a motion for a new trial, *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019). But if the appellant did not preserve his or her objections to an evidentiary ruling, we review only for plain error. *See C.P. Interests, Inc. v. Cal. Pools Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *see also Garriott v. NCsoft Corp.*, 661 F.3d 243, 248–49 (5th Cir. 2011) (holding that an evidentiary objection raised for the first time in a motion for a new trial and not considered on its merits by the district court is not preserved and thus reviewed only for plain error).[2]

"Even improper evidentiary rulings do not constitute reversible error unless 'a substantial right of the party is affected.'" *Gates v. Shell Oil*, 812 F.2d 1509, 1512 (5th Cir. 1987) (quoting Fed. R. Evid. 103(a)). A party's substantial rights are affected if, for example, "the erroneously admitted

---

[2] Walmart contends that Moody waived her Rule 404(b) objection by failing to raise it before or during trial. Because we conclude that the complained-of evidence would not have altered the outcome of the case, Moody's appeal fails regardless of whether we review for plain error or abuse of discretion, and therefore we do not need to resolve this issue.

evidence was the only evidence admitted to prove an element" of a claim. *Echeverry v. Jazz Casino Co., L.L.C.*, 988 F.3d 221, 235 (5th Cir. 2021). "When a party fails to show that excluding the evidence would have altered the outcome of the case, the party has not met its burden for a new trial." *Id.* (quotation marks and citation omitted).

## III.

Moody argues that the district court erred in admitting evidence of her prior marijuana usage at trial. We decline to reach the issue because excluding the complained-of evidence would not have altered the outcome of the case. *See E.R. by E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 764 (5th Cir. 2018).

To establish her premises-liability claim, Moody was required to show that (1) Walmart's negligence injured her, (2) Walmart had knowledge of a dangerous condition and failed to warn her, or (3) that the condition existed for a long enough time that Walmart should have had knowledge or notice of the condition. *Criss v. Lipscomb Oil Co.*, 990 So. 2d 771, 773 (Miss. Ct. App. 2008). "[M]erely proving the occurrence of an accident within the business premises is insufficient to prove liability; rather, the plaintiff must demonstrate that the operator of the business was negligent." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994).

As the district court explained when it denied Moody's motion for a new trial, Moody repeatedly told the jury that she could not remember what happened at Walmart, did not know what caused the boxes to fall, and had no evidence proving that Walmart caused the accident. Evidence of Moody's marijuana use could not prove or disprove whether Walmart breached its duties. Moody had the burden of proving that Walmart acted negligently, and the jury concluded that she failed to do so.

Moody claims that her substantial rights were affected because the evidence allowed Walmart to pursue an "improper theme at trial," *i.e.*, that Moody was high on the night of her injury, which caused her to stumble into the pallet of boxes. We disagree for two reasons. *First*, whether Moody was impaired on the night of the incident speaks to the issue of contributory negligence. The jury did not reach this issue because it found that Moody failed to show that Walmart was negligent. *Second*, as the district court explained, any potential prejudice that the marijuana evidence may have caused "pale[d] in comparison to the other hits to her credibility" Walmart adduced at trial. Specifically, the jury heard that Moody's doctor recorded that Moody had stopped taking her prescribed medication because "it was covering up her pain" and she was "building a case" against Walmart, saw evidence showing inconsistencies in Moody's story,[3] and watched Moody repeatedly admit during cross examination that prior statements she made were false. Thus, we do not find that the admission of the complained-of evidence would have altered the outcome of the trial.

## IV.

For the foregoing reasons, we find that Moody failed to show that the challenged evidence affected her substantial rights and thus the district court did not err in denying her a new trial.

AFFIRMED.

---

[3] For instance, Walmart produced medical records and bills that contradicted Moody's assertion that she did not have health insurance.