995 So.2d 853 (2008)
DeWayne GAMMEL, individually and on Behalf of the Wrongful Death Beneficiaries of Anthony W. Gammel Deceased, Appellant
v.
TATE COUNTY SCHOOL DISTRICT, Appellee.
No. 2007-CA-01489-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*854 Philip Andrew Stroud, Southaven, attorney for appellant.
Wilton V. Byars, Oxford, Dinetia Brooke Newman, Tupelo, attorneys for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶1. In February 2005, Anthony Gammel (decedent) planned on attending the Winter Carnival at East Tate Elementary School (ETE), but was tragically stuck by an oncoming motorist while crossing East Tate Road in Tate County. He died of his *855 injuries shortly after the collision. DeWayne Gammel, individually and on behalf of other beneficiaries, filed a wrongful death suit in the Circuit Court of Tate County. Although Tate County School District (TCSD) was not initially named in the suit, it was later added by amended complaint.
¶2. After initial discovery, and over two years after Gammel's initial complaint was filed, TCSD moved for summary judgment. After a hearing on the matter, the trial court denied Gammel's request for a continuance to conduct additional discovery and granted TCSD's motion. Gammel now appeals and argues that the trial court erred in denying the motion for a continuance, as well as granting TCSD's motion for summary judgment. Finding no error, we affirm the trial court's rulings.

FACTS AND PROCEDURAL HISTORY
¶3. ETE, located in Tate County, Mississippi, is bordered on its north side by East Tate Road. On February 4, 2005, the East Tate Elementary Parent Teacher Association sponsored a Winter Carnival located at ETE. That night, at approximately 7:00 p.m., the decedent and his children were on their way to the Winter Carnival. The decedent parked his vehicle in an area used for bus parking and storage that was located directly across East Tate Road, from ETE. As the decedent walked south with his children in an attempt to cross East Tate Road he was struck by a vehicle driven by Christa B. Dean, a co-defendant.[1] At the time of impact, Dean's vehicle was traveling at a rate in excess of fifty miles-per-hour. The speed limit on East Tate Road was twenty miles-per-hour. The decedent died of his injuries within hours of the accident.
¶4. Gammel, one of seven beneficiaries of the decedent's estate, filed a wrongful death in the Circuit Court of Tate County action against Dean and the decedent's underinsured/uninsured insurance carrier. On May 2, 2006, approximately fifteen months after the initial complaint, Gammel filed his first amended complaint, which added Tate County School District (TCSD) and Tate County as defendants. Gammel alleged that TCSD and Tate County were negligent in that they breached their duties to "(1) provide adequate and reasonable safety measures, (2) maintain a safe school environment for foreseeable attendees of that school function, and (3) warn foreseeable attendees of dangers which Defendants knew or should have known existed on the night in question," and their breach was the proximate cause of the decedent's and Gammel's injuries.[2]
¶5. Following initial discovery, Tate County filed for summary judgment on March 5, 2007. Two months later, on May 22, 2007, TCSD filed its motion for summary judgment. The trial court heard both defendants' motions for summary judgment on June 28, 2007. After consideration of the defendants' motions, the trial court granted summary judgment for both Tate County and TCSD.
¶6. The trial court's grant of summary judgment for TCSD was based on several grounds.[3] First, the trial court held that there was no reason for delaying summary judgment based upon Gammel's alleged need for further discovery as the court *856 found that there was no outstanding requests for discovery at the time TCSD's motion for summary judgment was filed. Secondly, the trial court found that the decedent was a trespasser on TCSD's property when he parked his vehicle in the "bus parking" lot. Further, the trial court found that the decedent's trespasser status was relinquished when the decedent stepped off TCSD's property, i.e., the bus parking lot. Therefore, the trial court held that TCSD did not owe the decedent any duty at the time of the accident. Third, the trial court held that TCSD was immune from liability under multiple sections of the Mississippi Tort Claims Act. Fourth, the trial court held that summary judgment was proper as Gammel failed to offer any proof as to causation. Gammel timely appealed.

ANALYSIS

I. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT TCSD DID NOT OWE THE DECEDENT ANY DUTY.
¶7. This Court reviews a trial court's grant of summary judgment de novo. Delahoussaye v. Mary Mahoney's, Inc., 696 So.2d 689, 690 (Miss.1997). The facts are viewed in the light most favorable to the non-movant. Collins v. Tallahatchie County, 876 So.2d 284, 286-87(¶5) (Miss. 2004). Summary judgment should not be granted if there is an issue of material fact. Id. at 287(¶5). A trial court's grant of summary judgment shall be affirmed "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶8. One basis for the trial court's grant of summary judgment was that TCSD did not owe the decedent any duty of care at the time of the accident. Specifically, the trial court found that when the decedent parked in the parking lot labeled "bus parking," his status in the realm of premises liability was that of a trespasser. Further, the trial court held that once the decedent stepped onto East Tate Road "his status as a trespasser was relinquished, and any duty owed to him by [TCSD] was also relinquished."
¶9. Gammel argues that the trial court erred in holding as such, and states that the decedent was an invitee of ETE. He further claims that pursuant to Pearl Public School District v. Groner, 784 So.2d 911 (Miss.2001), and Mississippi Code Annotated section 37-9-69 (Rev.2007), TCSD owed the decedent a duty to provide a safe environment. Additionally, Gammel claims that Lang v. Bay St. Louis/Waveland School District, 764 So.2d 1234 (Miss. 1999) positively identifies a school district's duty to build and maintain school facilities, and that this also establishes a school district's duty to provide a safe environment.
¶10. TCSD argues that Gammel's reliance on Groner and Lang is misplaced. TCSD claims that since the decedent was not on school property at the time of the accident, the trial court was correct in holding that TCSD did not owe the decedent any duty of care. We agree.
¶11. Similar to the instant case, Groner involved injuries sustained by a non-student patron. Groner, 784 So.2d at 913(¶1). However, that is where the factual and legal similarities of the two cases end. Groner was injured when a fight broke out at a Pearl High School basketball game she was attending. Id. at 913(¶5). The trial court awarded Groner damages, and the Pearl Public School District appealed. Id. at (¶6). Relying on L.W. v. McComb Separate Municipal *857 School District, 754 So.2d 1136 (Miss. 1999), Mississippi Code Annotated section 37-9-69, and regulations of the Mississippi High School Activities Association, the supreme court held that school districts have a statutory duty of ordinary care to provide a safe environment for its patrons. Id. at 915(¶15). Because the trial court did not make any reference to ordinary care in the findings of fact and conclusion of law accompanying its judgment, the supreme court reversed and remanded the award to the trial court for a factual determination on ordinary care. Id. at 916(¶18).
¶12. In Lang, a student was injured after attending a school-sponsored band concert. Lang, 764 So.2d at 1235(¶1). The student was sitting on a brick wall surrounding the school's air conditioning system when a fight broke out. Id. at 1235 (¶¶2-3). While attempting to escape the hostilities, the student fell off the wall and displaced his hip. Id. at (¶3). The trial court dismissed Lang's case for lack of a statutory requirement/duty on the part of the school district to provide security and, thus, held that the school district was immune under Mississippi Code Annotated section 11-46-9(1)(d) and (g) (Supp. 1998). Id. at 1236(¶5). On appeal, the supreme court reversed the trial court's dismissal and remanded the case. Id. at 1242(¶37). In so doing, the supreme court held that Mississippi Code Annotated sections 37-9-69 (Rev.1996) and 37-7-301(c-d) (Rev.1996) imposed upon a school district the duties to supervise students and maintain school facilities, respectively. Id. at 1240-41 (¶¶26-33).[4] Therefore, the supreme court continued, "Lang could conceivably demonstrate the school district was negligent." Id. at 1242(¶37).
¶13. In Albert v. Scott's Truck Plaza, Inc., 978 So.2d 1264, 1265(¶2) (Miss.2008), a similar, almost identical issue to the one we are confronted with today was faced by the supreme court. In that case, Albert, who was a truck driver, and his wife stopped at Scott's Truck Plaza to eat breakfast. Albert parked his truck in a gravel lot across the street from Scott's and proceeded to eat inside the truck stop. Id. When they finished eating at approximately 5:00 a.m., Albert and his wife tried to return to their truck, but Albert's wife was struck and killed while crossing the road. Id. Albert filed a wrongful-death suit naming several individuals involved in the ownership and operation of Scott's based upon a theory of negligence, i.e., that the defendants failed to provide adequate lighting, obstructed the view of pedestrians, and failed to warn of hidden dangers. Id. at 1265-66(¶3). The trial *858 court granted summary judgment based, in part, upon Albert's inability to demonstrate that the defendants owed any duty of care with respect to the decedent. Id. at 1266(¶4).
¶14. On appeal, the supreme court framed the issue as "whether [Albert's wife] retained [an] invitee status upon entering the public roadway[,]" and ultimately the supreme court affirmed the trial court's grant of summary judgment. Id. at 1267-68 (¶¶8, 12). The supreme court held that while "a `tenant/lessee/occupier of premises owes a duty of reasonable care to its invitees for the demised property and such necessary incidental areas substantially under its control.... and which he invites the public to use[,]'" Albert failed to demonstrate that either the gravel lot was an integral part of Scott's business or that the defendants invited the public to use the gravel lot. Id. at 1267(¶10) (quoting Wilson v. Allday, 487 So.2d 793, 798 (Miss.1986)). The supreme court found as such even though there was proof that the defendants knew patrons of Scott's occasionally used the lot. Id. Therefore, the supreme court held that Albert was unable to establish any duty owed on the part of the defendants once Albert's wife left the premises and stepped onto the public roadway. Id.
¶15. As in Albert, our first inquiry is to determine what status the decedent held at the time of the accident. Unlike Groner and Lang, the record in the instant case lacks those facts necessary to establish a duty on the part of TCSD. As with any premises-liability claim, the duty owed, if any, by a property owner/occupier is dependent upon the status of the injured person at the time of the accident. Albert, 978 So.2d at 1266(¶7). The distinction between invitee, licensee, and trespasser has been described as such:
As to status, an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A licensee is one who enters upon the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner whereas a trespasser is one who enters upon another's premises without license, invitation[,] or other right.
Id. at 1266-67(¶7) (quoting Holley v. Int'l Paper Co., 497 So.2d 819, 820 (Miss.1986)).
¶16. In an affidavit attached to TCSD's motion for summary judgment, Principal Kaye Adams stated that the Winter Carnival was sponsored by the PTA, not ETE or TCSD. Additionally, Adams stated that the parking lot where the decedent parked is not used for loading and unloading of children, but that it is used only for the storage and parking of the school's buses. Further, Adams stated that the bus parking lot is not used as parking for the general public. She also stated that there were three signs posted at the front entrance to the bus parking lot and a sign at every other entrance alerting drivers that the parking lot was limited to bus parking only. While it could be successfully argued that the bus parking lot was a necessary incidental area substantially under ETE's control, it is clear that the decedent was not invited to use it the night of the Winter Carnival. Therefore, as the trial court held, the decedent was trespassing upon ETE's property when he chose to park in the bus parking lot. Further, while Albert involved a patron who left Scott's where she held the status of an invitee and crossed a public road with her final destination being a gravel lot that she was not invited to use, the instant case presents the inverse situation to this Court. That is, the decedent parked in an area he was not invited to use and attempted to cross a public road hoping to arrive at the Winter Carnival. We see no *859 reason why the factual inverse of Albert should be entitled to a varying result.
¶17. The first step in any finding of negligence based upon premises liability is a determination of the status of the injured party at the time of the accident, which will establish the duty owed, if any, by the alleged tortfeasor. Thomas v. The Columbia Group, LLC, 969 So.2d 849, 852(¶11) (Miss.2007). While the decedent enjoyed the status of trespasser at the time he parked his vehicle, when he stepped off the bus parking lot onto East Tate Road he lost this status. As such, Gammel is unable to establish a question of fact as to whether TCSD owed the decedent any duty whatsoever at the time of the accident. Therefore, we find that the trial court properly granted summary judgment in favor of TCSD.

II. WHETHER THE TRIAL COURT ERRED IN DENYING GAMMEL'S MOTION FOR A CONTINUANCE PURSUANT TO RULE 56(f) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.
¶18. Gammel argues that the trial court erred in denying the Rule 56(f) motion requesting a continuance. Gammel claims the trial court should have postponed the hearing on TCSD's motion for summary judgment in order to allow Gammel the opportunity to depose Adams. TCSD argues that the trial court's denial of Gammel's motion was correct because Gammel could not demonstrate any justifiable reason for the delay. We agree.
¶19. Mississippi Rule of Civil Procedure 56(f) provides as follows:
When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
A trial court is afforded an amount of discretion in its decision to grant or deny a request for a continuance, and its decision will not be overturned unless it is determined that the trial court abused that discretion. Owens v. Thomae, 759 So.2d 1117, 1120(¶10) (Miss.1999). Further, the supreme court in Owens stated:
[w]hen a Rule 56(f) continuance is requested, the trial court, if it finds the reasons offered to be sufficient, has the discretion to postpone consideration of the motion for summary judgment and order among other things that discovery be completed. [The supreme court] has noted on several occasions that the rule itself contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact. Justice is served ... when a fair opportunity to oppose a motion is providedbecause consideration of a motion for summary judgment requires a careful review by the trial court of all pertinent evidence in a light most favorable to the nonmovant.

An opportunity to flesh out discovery may especially be required where the information necessary to oppose the motion for summary judgment is within the possession of the party seeking summary judgment. On the other hand, the party resisting summary judgment must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, [to] rebut the movant's showing of the absence of a genuine issue of fact.
This is so because Rule 56(f) is not designed to protect the litigants who are *860 lazy or dilatory and normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the possession of the other party.
Id. at 1120 (¶¶11-12) (internal citations and quotations omitted).
¶20. The procedural history of the discovery conducted between Gammel and TCSD is as follows: Gammel filed his first amended complaint, which added TCSD as a defendant on May 2, 2006. Two weeks later, TCSD served Gammel with their first set of interrogatories and requests for production of documents, as well as its answer. When no response was forthcoming, TCSD filed a motion to compel Gammel to respond to propounded discovery on August 24, 2006. Soon thereafter, Gammel filed his responses to TCSD's discovery requests. Not until November 28, 2006, did Gammel file his discovery requests of TCSD. TCSD responded to Gammel's requests with unsigned responses on January 26, 2007. Thereafter, on March 5, 2007, Tate County filed its motion for summary judgment and motion to stay discovery. TCSD followed suit and filed their motion for summary judgment on May 22, 2007. Gammel then motioned the trial court for a Rule 56(f) extension. Following a hearing on all pending motions, the trial court denied Gammel's motion and granted summary judgment in favor of Tate County and TCSD.
¶21. At the time TCSD filed its motion for summary judgment, it had been a defendant for over one year, and Gammel's initial complaint was filed over two years prior to TCSD's motion. During that time, Gammel requested, at best, one deposition.[5] Specifically, Gammel wished to depose Adams, ETE's principal. Accompanying the request for a continuance, Gammel's counsel filed an affidavit in which he stated that a continuance was needed to conduct depositions and answer several questions pertaining to (1) lighting on East Tate Road, (2) why TCSD classified the area where the decedent parked as "bus parking," (3) why no one was directing traffic, (4) whether a deputy sheriff attending the Winter Carnival was on or off duty, (5) who organized the event, and (6) why there was not any crosswalk or speed bumps. However, each inquiry above was either answered in Adams's uncontested affidavit accompanying TCSD's motion for summary judgment, or is irrelevant to establishing a duty of the part of TCSD to protect those individuals crossing East Tate Road. Therefore, in addition to the fact that Gammel did not request Adams's deposition until over two years after filing the initial complaint, and over one year after adding TCSD as a defendant, we find that the record does not support a finding that trial court abused its discretion in denying Gammel's motion for a continuance.

III. WHETHER THE TRIAL COURT CORRECTLY DETERMINED THAT TCSD WAS ENTITLED TO SUMMARY JUDGMENT PURSUANT TO THE MTCA.

IV. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED UPON ITS FINDING OF A LACK OF EVIDENCE DEMONSTRATING THE ELEMENT OF CAUSATION.
¶22. Given our resolution of issue I, we find Gammel's remaining two issues to be moot.
*861 ¶23. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] It appears from the record that Gammel settled his claim against Dean. In any event, she is not a party to this appeal.
[2] In addition to the wrongful death claims, Gammel alleged he, as well as the other beneficiaries, suffered various emotional damages as a result of the decedent's untimely death.
[3] Gammel did not appeal the trial court's ruling that granted summary judgment in favor of Tate County.
[4] Section 37-9-69 (Rev.2007) provides as follows:

It shall be the duty of each superintendent, principal and teacher in the public schools of this state to enforce in the schools the courses of study prescribed by law or by the state board of education, to comply with the law in distribution and use of free textbooks, and to observe and enforce the statutes, rules and regulations prescribed for the operation of schools. Such superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess.
Section 37-7-301(c-d) (Rev.2007) states, in part, as follows:
The school boards of all school districts shall have the following powers, authority and duties in addition to all others imposed or granted by law, to wit:
....
(c) To be the custodians of real and personal school property and to manage, control and care for same, both during the school term and during vacation;
(d) To have responsibility for the erection, repairing and equipping of school facilities and the making of necessary school improvements.. . .
[5] During the hearing on Tate County's and TCSD's motions for summary judgment, counsel for TCSD mentioned that Gammel requested the deposition of Adams's on May 11, 2007. However, no request for Adams's deposition was filed.