ROBERTS, J.,
for the Court:
¶ 1. Unsatisfied with Dana Davis’s failure to take the necessary steps to secure Dr. Jason Hindman’s deposition or secure her own expert witness to support her medical-malpractice claim, the Lee County Circuit Court granted summary judgment in favor of Dr. Hindman and Surgery Associates P.A. (collectively “Surgery Associates”). The circuit court simultaneously denied Davis’s motion for additional time pursuant to Mississippi Rule of Civil Procedure 56®. Davis appeals the circuit court’s decisions and asks this Court to find that the circuit court abused its discretion in denying her motion for additional time, and that the denial of her motion resulted in her inability to properly defend against Surgery Associates’ summary-judgment motion. We find no error; therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On September 2, 2009, Davis filed a complaint against Surgery Associates alleging that Dr. Hindman committed medical malpractice on September 10, 2007, when Dr. Hindman performed a total thy-roidectomy on Davis. Attached to the complaint was a certificate of expert consultation from Davis’s attorney stating that he “consulted with at least one ... expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who was qualified to give expert testimony as to the standard of care or negligence in this matter.”
¶ 8. Surgery Associates filed their separate answers and then separately propounded discovery on Davis. Davis filed her responses on November 25, 2009, and December 16, 2009. In one response, Davis stated that she had “not determined who will be called as an expert witness at the trial of this matter” even though she had consulted with an expert prior to filing her complaint. She also stated that she would supplement that information in accordance with the Mississippi Rules of Civil Procedure. Surgery Associates deposed Davis in June 2010, but a transcript of her deposition is not contained in the record.
¶ 4. On June 22, 2010, Davis requested dates that Dr. Hindman would be available to be deposed; Dr. Hindman provided several dates. However, there was no agreed date set based on this inquiry. Then, on October 18, 2010, Davis again requested dates for the deposition, which Dr. Hind-man again provided. His deposition was initially set for December 20, 2010; however, this deposition was rescheduled by mutual agreement. Dr. Hindman sent Davis a letter on December 14, 2010, confirming *217 that he would provide future dates for his deposition. Dr. Hindman did not provide any dates nor did Davis request any dates until Surgery Associates filed a motion for summary judgment on October 28, 2011, some ten months later.
¶ 5. In the motion for summary judgment, Surgery Associates submitted that because Davis had not provided expert testimony to support her medical-malpractice claim, she failed to create a genuine issue of material fact. In response, Davis filed a motion for additional time pursuant to Rule 56(f). She argued that she needed additional time because she did not have “adequate time to take the deposition of ... Dr. Hindman.” And without his deposition as to how he performed her thyroidectomy, she could not provide expert testimony as to any deviations from the standard of care or treatment. The circuit court held a hearing on Surgery Associates’ motion for summary judgment on February 21, 2012.
¶ 6. Just a few days prior, on February 3, 2012, Davis again requested dates to depose Dr. Hindman; Dr. Hindman responded that he would provide dates if the motion for summary judgment was denied. Davis then unilaterally scheduled Dr. Hindman’s deposition for August 24, 2012. Dr. Hindman filed a motion to quash the notice of deposition, which the circuit court granted.
¶ 7. On September 18, 2012, the circuit court entered two orders: one order denying Davis’s motion for additional time, and the other granting Surgery Associates’ motion for summary judgment. The final judgment was entered on October 2, 2012, and Davis timely filed the present appeal.
¶ 8. She raises two issues on appeal:
I. Whether the [cjircuit [cjourt ... properly denied ... Davis[’s][m]otion for [additional [t]ime[.]
II. Whether the [c]ircuit [c]ourt ... properly granted [Surgery Associates’] Motion for [s]ummary [j]udgment[.]
ANALYSIS
I. RULE 56(f)
¶ 9. “A trial court has sound discretion to grant or deny a continuance under Rule 56(f).” Stallworth v. Sanford, 921 So.2d 340, 342-43 (¶ 9) (Miss.2006) (citing Owens v. Thomae, 759 So.2d 1117, 1120 (¶ 10) (Miss.1999)). “This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion.” Id. at 343 (¶ 9) (citation omitted).
¶ 10. Rule 56(f) provides:
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
A party making a Rule 56(f) motion “must present specific facts why he cannot oppose the motion and must specifically demonstrate ‘how postponement of a ruling on the motion will enable him, by discovery or other means, [to] rebut the movant’s showing of the absence of a genuine issue of fact.’ ” Scales v. Lackey Mem’l Hosp., 988 So.2d 426, 434 (¶19) (Miss.Ct.App.2008) (quoting Owens, 759 So.2d at 1120 (¶ 12)).
¶ 11. According to Davis, the circuit court abused its discretion in denying her motion because she presented sufficient evidence as to why additional discovery was necessary to oppose Surgery Associates’ summary-judgment motion. She submits that because she had yet to depose Dr. Hindman, she was unable to se *218 cure an expert witness to provide testimony as to how he negligently performed her thyroidectomy and deviated from the acceptable standard of care.
¶ 12. In denying her motion, the circuit court stated that Davis had filed her complaint more than two years before Surgery Associates filed the motion for summary judgment, and that during that “considerable length of time, it does not appear ... that any great effort [to take Dr. Hind-man’s deposition] was made by [Davis].... ” After Dr. Hindman’s December 20, 2010 deposition was canceled by agreement, Davis “took no further action toward that end until July 23, 2012, some nine months after the filing of [Surgery Associates’] motion for summary judgment .... ” It further stated that Davis had more than a fair opportunity to depose Dr. Hindman.
¶ 13. We cannot find that the circuit court abused its discretion in denying Davis’s Rule 56(f) motion. “Rule 56(f) is not designed to protect the litigants who are lazy or dilatory .... ” Gammel v. Tate Cnty. Sch. Dist., 995 So.2d 853, 859-60 (¶ 19) (Miss.Ct.App.2008) (quoting Owens, 759 So.2d at 1120 (¶¶ 11-12)). Dr. Hindman provided dates of several occasions on which he would be available for deposition, but Davis noticed his deposition only one time prior to Surgery Associates’ motion for summary judgment, which was over two years after she filed her initial complaint. Davis argues that Dr. Hind-man’s deposition was necessary in order for her to secure an expert witness; therefore, she needed his deposition to properly oppose the motion for summary judgment. Her argument does not support a finding that the circuit court abused its discretion in denying her Rule 56(f) motion, as the taking of Dr. Hindman’s deposition was not a condition precedent for finding an expert witness with which she could defend against the motion for summary judgment.
¶ 14. Therefore, we find this issue to be without merit.
II. MOTION FOR SUMMARY JUDGMENT
¶ 15. “The standard of review applied when reviewing a circuit court’s decision to grant or deny a motion for summary judgment is de novo, and a motion for summary judgment is appropriately granted only when no genuine issue of material fact exists.” Posey v. Burrow, 93 So.3d 905, 907 (¶ 6) (Miss.Ct.App.2012) (citing PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2003)).
¶ 16. Davis argues that because the circuit court erred in denying her Rule 56(f) motion, the motion for summary judgment was granted in error because Rule 56(f) would have provided her more time to conduct discovery and better defend against a motion for summary judgment. However, we have found that the circuit court did not err in denying Darn’s Rule 56(f) motion.
¶ 17. By filing a medical-malpractice claim, Davis knew “from the very moment the suit [was] filed that an expert witness [would] be needed to survive summary judgment.” Scales, 988 So.2d at 436 (¶ 23) (quoting Brooks v. Roberts, 882 So.2d 229, 232 (¶ 10) (Miss.2004)). “A plaintiff in a medical-malpractice case has the burden of proving ‘(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant.’ ” Johnson v. Pace, 122 So.3d 66, 68 (¶ 8) (Miss.2013) (quoting Hubbard v. Wansley, 954 So.2d *219 951, 956-957 (¶ 12) (Miss.2007)). The plaintiff is generally required to establish these elements with expert testimony to survive summary judgment. Id. (citing Smith v. Gilmore Mem’l Hosp., Inc., 952 So.2d 177,180 (¶ 9) (Miss.2007)).
¶ 18. Davis failed to provide ah expert witness at any point, even after her attorney submitted a certificate of expert consultation providing that he had consulted an expert “qualified to give expert testimony as to the standard of care or negligence in this matter” prior to filing suit. The record is void of any evidence, expert or otherwise, that Davis submitted beyond her initial complaint and her answers to Surgery Associates’ discovery requests. Because Davis did not provide an expert witness as needed or any other evidence, we cannot find that there is a genuine issue of material fact; therefore, summary judgment in favor of Surgery Associates was appropriate.
¶ 19. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY IRVING, P.J. FAIR, J., NOT PARTICIPATING.