# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00931-COA

| | |
|---|---|
| **MICHAEL PHILLIPS, INDIVIDUALLY AND ON BEHALF OF ANY AND ALL WRONGFUL DEATH BENEFICIARIES OF MARGARET DIANE PHILLIPS, DECEASED** | **APPELLANT** |
| **v.** | |
| **DELTA REGIONAL MEDICAL CENTER, SABITHA PABBATHI, M.D., AND ALLEGIANCE SPECIALTY HOSPITAL** | **APPELLEES** |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/25/2018 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LARRY STAMPS |
| | ANITA M. STAMPS |
| ATTORNEYS FOR APPELLEES: | P. SCOTT PHILLIPS |
| | BRITTANY BROOKS FRANKEL |
| | HARRIS FREDERICK POWERS III |
| | TOMMIE GREGORY WILLIAMS JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 02/04/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND C. WILSON, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. Michael Phillips filed suit in Washington County Circuit Court, alleging his mother, Margaret Diane Phillips, died as a result of medical malpractice. Named as defendants were Delta Regional Medical Center (DRMC), Allegiance Specialty Hospital (Allegiance), Dr.

Parvez Karim, and Dr. Sabitha Pabbathi.[1] The trial court granted DRMC and Dr. Pabbathi's motion for summary judgment, granted Allegiance's motion for summary judgment, and denied Phillips's motion for a continuance.

¶2.     Phillips now appeals, alleging that the trial court erred in (1) denying his motion for continuance of a hearing regarding the propriety of summary judgment and denying his motion to extend discovery; (2) finding that he had failed to timely serve process on DRMC and erred in dismissing Dr. Pabbathi as an employee of DRMC; and (3) finding that he had failed to provide expert testimony that established the standard of care owed by Allegiance and any breach by Allegiance of that standard of care.[2]

¶3.     We find no abuse of discretion in the trial court's denial of Phillips's motion for a continuance. We find that the trial court did not err in granting DRMC and Dr. Pabbathi's motion for summary judgment. We also find that the trial court did not err in granting Allegiance's motion for summary judgment. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶4.     Margaret was a sixty-five-year-old woman who was first admitted to DRMC with a diagnosis of moderate to severe depression, congestive heart failure with diastolic dysfunction, type-2 chronic kidney disease, generalized debility, a urinary tract infection, dehydration, arthritis, and anorexia. She developed a bowel obstruction, and imaging showed

---

[1] The summons for Dr. Karim was never filed with the clerk of the court. Because Dr. Karim was not served in a timely manner, the statutory limitations period on the claim against him had expired.

[2] Phillips's motion to extend discovery was rendered moot by the grants of summary judgment.

a distended colon. Margaret was prescribed antibiotics for a suspected colon infection. Further testing and imaging indicated a large bowel obstruction, and she underwent surgery on December 15, 2015. After her surgery Margaret continued to receive treatment for her respiratory distress, sepsis, and a large bowel obstruction. During this post-surgery time, Margaret developed a bradycardic rhythm, which worsened until she died on January 4, 2016.

¶5. Around December 27, 2016, Phillips sent a "Notice of Claim" via certified mail for the treatment of Margaret at DRMC (from December 2015 until her death in January 2016) to DRMC "c/o Scott Christensen," the CEO of DRMC. Phillips filed suit on April 4, 2017, alleging medical negligence against DRMC, Allegiance, Dr. Karim, Dr. Pabbathi, and various "John Doe" defendants.

¶6. Phillips's first motion for an extension of time to serve process was granted, and the new extended deadline for service of process became November 29, 2017. Allegiance and Dr. Pabbathi were served within the time frame on November 16, 2017. On that same day, Phillips attempted to serve DRMC through Tommie Williams, the counsel for Allegiance. Williams was not an authorized representative of DRMC and e-mailed Phillips on November 17, 2017, to inform him that he was not DRMC's registered agent for service of process. Phillips then filed a second motion for extension of time to serve process on November 27, 2017, seeking a thirty-day extension. The court never ruled on this motion.

¶7. Phillips again attempted to serve DRMC by serving P. Scott Phillips, the agent for service of process for Delta Regional Medical Center Auxiliary Inc. However, P. Scott Phillips is not DRMC's registered agent for service of process, and Delta Regional Medical

3

Center Auxiliary Inc. is a distinct and separate entity from DRMC. On December 7, 2017, Phillips filed an amended motion for an extension of time to serve process, seeking a thirty-day extension. The court never ruled on this motion.

¶8. Allegiance responded, denying all allegations of negligence and denying that Dr. Karim and Dr. Pabbathi were employees of Allegiance. Allegiance requested discovery from Phillips about the precise allegations of negligence against Allegiance and the identity of Phillips's expert. Dr. Pabbathi filed her answer and affirmative defenses, denying all allegations of negligence and stating that she was an employee of DRMC. In response to Allegiance's interrogatories, Phillips identified Dr. Stephen Cohen as his expert.

¶9. DRMC and Dr. Pabbathi filed a joint motion to dismiss or, alternatively, for summary judgment, arguing that Phillips had failed to properly serve DRMC. Allegiance filed its motion to dismiss or, alternatively, for summary judgment, arguing that Phillips's claims of medical negligence were not supported by expert testimony. DRMC, Dr. Pabbathi, and Allegiance had a hearing on their respective motions for summary judgment set for May 1, 2018.

¶10. Phillips responded to Allegiance's motion for summary judgment and filed a motion for a continuance, seeking to continue the hearings on the Defendants' motions for summary judgment. The reasons for the request for a continuance primarily concerned counsel's personal circumstances and difficulties.[3] He filed an affidavit in support of the motion the

---

[3] These included family emergencies and hospitalizations that kept counsel out of the office. The motion also alleged that there were substantial staff changes, mishandled discovery, that counsel's office had been burglarized, and "other malfeasance." During the burglary, office computers had been stolen.

next day.

¶11. The Defendants opposed the motion for a continuance. The court denied the request for continuance at the hearing and also heard arguments on DRMC's, Dr. Pabbathi's, and Allegiance's pending motions for summary judgment.

¶12. A week after the hearing, Phillips filed a response to DRMC and Dr. Pabbathi's joint motion for summary judgment. Phillips also filed motions to disqualify opposing counsel and to extend discovery. The trial court denied Phillips's motion for a continuance. The trial court granted summary judgment for DRMC, Dr. Pabbathi, and Allegiance. Phillips now appeals the trial court's rulings.

**STANDARD OF REVIEW**

¶13. A trial court's denial of a motion for a continuance is reviewed using an abuse of discretion standard. *O'Hea v. George Reg'l Health & Rehab. Ctr.*, 276 So. 3d 1266, 1269 (¶6) (Miss. Ct. App. 2018). "The decision to grant or deny a continuance is within the sound discretion of the trial court and will be reversed solely where the court abuses that discretion." *Id*.

¶14. "A trial court's grant of summary judgment is reviewed de novo." *Johnson v. Pace*, 122 So. 3d 66, 68 (¶7) (Miss. 2013). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c).

**DISCUSSION**

## I. The trial court did not abuse its discretion in denying Phillips's motion for a continuance.

¶15. The trial court denied Phillips's motion for a continuance because the motion itself did not comply with Mississippi Rule of Civil Procedure 56(f), and it did not show good cause as to why the previously set and noticed motions for summary judgment should not have been heard. A review of the record confirms the trial court was within its discretion in denying the motion for a continuance.

¶16. Rule 56(f) states that the court may order a continuance "to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just." M.R.C.P. 56(f). Rule 56(f) provides trial courts the authority to order a continuance and allow additional time to respond to a summary judgment motion when the party making the motion "shows a need for additional information in order to respond to the summary judgment motion." *Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (¶10) (Miss. Ct. App. 2005). "A party making a Rule 56(f) motion must present specific facts why he cannot oppose the motion and must specifically demonstrate" how postponing the ruling on summary judgment will enable him "to rebut the movant's showing of the absence of a genuine issue of fact." *Davis v. Hindman*, 138 So. 3d 214, 217 (¶10) (Miss. Ct. App. 2014) (internal quotation marks omitted).

¶17. By invoking Rule 56(f), Phillips was required to present specific facts showing why he could not oppose the motion for summary judgment at that time and what he would obtain in discovery. Phillips's motion for a continuance did not satisfy these mandatory requirements. The arguments and reasons for additional time presented in Phillips's motion

6

for a continuance were unrelated to the claims of the case. Proffered reasons for the request for a continuance included family emergencies and hospitalizations, substantial staff changes, and a burglary of the office in which computers containing pertinent information for the case were among the items stolen. Although the personal events and challenges that plagued counsel were unfortunate, standing alone they do not mandate a continuance. Phillips failed to articulate specific facts as to why he was unable to properly oppose the motion for summary judgment and failed to show how postponing the ruling would assist him in opposing summary judgment. As a result, the trial court was within its discretion to deny the motion.

¶18. Rule 56(f) works as a safety valve when a nonmovant is unable to respond to summary judgment motions due to delays in discovery not fully within their control. *Smith v. H.C. Bailey Cos.*, 477 So. 2d 224, 232-33 (Miss. 1985). Conversely, Rule 56(f) does not protect dilatory litigants. *Gammel v. Tate Cty. Sch. Dist.*, 995 So. 2d 853, 859-60 (¶19) (Miss. Ct. App. 2008). The facts of this case reveal that delays in discovery were attributable to Phillips. The life span of the case was 393 days from its filing on April 4, 2017, to the motion hearing on May 1, 2018. During this time, Phillips never sent a single interrogatory, request for production, or request for admission to DRMC, Dr. Pabbathi, or Allegiance. Nor did Phillips notice any depositions or serve any subpoenas on third parties. Additionally, the request by Phillips to extend discovery was filed nearly four months after the motions hearing, and it only sought discovery from DRMC and Dr. Pabbathi "regarding employment

7

or lack of employment of several defendants in this suit."[4]  Because the delays in discovery were attributable to Phillips, the trial court was within its discretion to deny the motion for a continuance.

¶19.    Because Phillips did not follow the procedures outlined in Rule 56(f) and our related precedent, we affirm.[5]

> II.    **The trial court properly granted summary judgment to DRMC and Dr. Pabbathi and appropriately entered a final judgment of dismissal.**

¶20.    The trial court found that the statutory limitations period expired on all claims against DRMC and its employees due to Phillips's failure to properly serve DRMC with a copy of the summons and complaint in accordance with Rule 4 of the Mississippi Rules of Civil Procedure.

¶21.    "Service of process is governed by [the] rules of civil procedure." *Nelson v. Baptist Mem'l Hosp.-N. Miss. Inc.*, 70 So. 3d 190, 194 (¶14) (Miss. 2011).  To obtain personal jurisdiction over DRMC, a governmental entity, Phillips was required to serve "the person, officer, group[,] or body responsible for [DRMC's] administration" with a copy of the

---

[4] After Dr. Pabbathi represented in her answer that she was an employee of DRMC, DRMC confirmed that Dr. Pabbathi was its employee in its motion to dismiss.  Phillips's complaint refers to Dr. Pabbathi as an employee of DRMC.  Even if Phillips had doubt as to the employment of Dr. Pabbathi, a continuance would not have created a genuine dispute of material fact sufficient to allow Phillips to oppose the motion for summary judgment.

[5] Phillips also argues that the trial court erred by denying his motion to disqualify opposing counsel.  However, he did not support this argument with any citation to authorities, statutes, or parts of the record relied on as required by Mississippi Rule of Appellate Procedure 28(a)(7).  As a result of his failure to comply with the appellate rule, this argument is procedurally barred.  *See Birrages v. Ill. Cent. R.R. Co.*, 950 So. 2d 188, 194 (¶14) (Miss. Ct. App. 2006).

summons and complaint. M.R.C.P. 4(d)(8).

¶22. The issue in this appeal is not that Phillips untimely served DRMC—the issue is that Phillips never served DRMC at all. The proper agent for service of process on DRMC was Scott Christensen, the CEO of DRMC. Despite identifying Christensen in his complaint, Phillips never properly served him.

¶23. Phillips even obtained an additional thirty days to serve process when his first motion for an extension of time was granted. Phillips did timely serve process on Dr. Pabbathi and Allegiance. On the same day Dr. Pabbathi and Allegiance were served, Phillips delivered process to Williams, counsel for Allegiance, for acceptance on behalf of DRMC. Williams e-mailed Phillips the very next day, informing him that he was not authorized to accept service of process for DRMC.

¶24. Several weeks later, and by this time already past the extended deadline of November 29, 2017, Phillips attempted to serve Scott Phillips, the registered agent of Delta Regional Medical Center Auxiliary, by delivering process for acceptance on behalf of DRMC. Like Williams, Scott Phillips was not authorized to accept service of process for DRMC.

¶25. Even though Williams and Scott Phillips received a copy of the summons and complaint, neither were authorized to accept service of process on behalf of DRMC. Precedent allows agents of apparent authority to accept service of process. *Williams v. Kilgore*, 618 So. 2d 51, 56 (Miss. 1992). However, neither Williams nor Scott Phillips had apparent authority to accept service of process for DRMC. Williams made it explicitly clear to Phillips in an e-mail soon after receiving process that he was not authorized to accept. It

9

is undisputed that Christensen was the *only* proper agent for service of process. Because Christensen was not timely served a copy of the summons and complaint, Phillips failed to properly serve DRMC.

¶26. Phillips's insufficient service of process on DRMC warranted the trial court's granting of summary judgment to DRMC.[6] DRMC, as a community hospital, is a political subdivision of the State of Mississippi. Because DRMC is a governmental entity, Phillips's only civil remedy against DRMC and its employees is provided for by the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. § 11-46-7(2) (Rev. 2012). Dr. Pabbathi, as an employee of a governmental entity, here DRMC, could be joined in the complaint against DRMC, but she is merely a representative of DRMC and immune from personal liability. *Estate of Johnson v. Chatelain ex rel. Chatelain*, 943 So. 2d 684, 687 (¶9) (Miss. 2006). Summary judgment in favor of DRMC due to Phillips's insufficient service of process also required summary judgment in favor of Dr. Pabbathi.

¶27. We find that the trial court did not err in granting summary judgment to DRMC and Dr. Pabbathi because Phillips failed to effect service of process. Accordingly, we affirm.

### III. The trial court properly granted summary judgment to Allegiance and appropriately entered a final judgment of dismissal.

¶28. The trial court granted Allegiance's motion for summary judgment because Phillips failed to provide the required expert testimony to support his allegations of medical

---

[6] Even if DRMC was timely served with process, Phillips did not establish a case of medical negligence against DRMC and Dr. Pabbathi. Phillips failed to provide required expert testimony that any employees of DRMC, including Dr. Pabbathi, breached any standard of care that caused or contributed to Margaret's injuries and death.

negligence against Allegiance.

¶29. A plaintiff in a medical malpractice case has the burden to prove "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant." *Johnson v. Pace*, 122 So. 3d 66, 68 (¶8) (Miss. 2013). "Expert testimony establishing these elements is generally required for the nonmoving party to survive summary judgment." *Id.*; *see also Cates v. Woods*, 169 So. 3d 902, 909 (¶20) (Miss. Ct. App. 2014).

¶30. As a plaintiff alleging medical malpractice, Phillips had to provide expert testimony in support of his claim. In response to Allegiance's interrogatories, Phillips identified Dr. Stephen Cohen as his expert. Yet Dr. Cohen's opinions did not address the necessary elements of medical malpractice and did not address the standard of care owed by Allegiance and its employees. In fact, the expert's opinions did not identify *any* breach of the standard of care owed by Allegiance and its employees, let alone a breach of the standard of care that was a direct and proximate cause that contributed to Margaret's death. Dr. Cohen's opinions instead concluded that Dr. Satwinder Singh (a non-party mentioned in Dr. Cohen's designation) and Dr. Karim breached the standard of care and that these breaches directly and proximately contributed to the death of Margaret. However, neither Dr. Singh nor Dr. Karim were employees of Allegiance.

¶31. In his response to Allegiance's motion for summary judgment, Phillips argued that Dr. Cohen's opinions spoke directly to the negligence of both the physicians and nursing staff.

Our de novo review of Dr. Cohen's opinions shows the elements of medical malpractice were not met. Dr. Cohen's opinions spoke only to the breach of standard of care of Dr. Singh and Dr. Karim, neither of whom were employees of Allegiance.

¶32. In summary, Phillips failed to provide expert testimony that addressed the standard of care owed by Allegiance and its employees; failed to identify any breach of such standard of care; and failed to show causation between the breach of duty and injury. Because Phillips failed to provide the required expert testimony to prove the elements of medical malpractice, we find that the trial court did not err in granting summary judgment to Allegiance. Accordingly, we affirm.

## CONCLUSION

¶33. The trial court's denial of Phillips's motion for a continuance was within its discretion. We affirm the trial court's holding granting summary judgment to DRMC, Dr. Pabbathi, and Allegiance.

¶34. **AFFIRMED.**

**BARNES, C.J., J. WILSON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. CARLTON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION.**

**CARLTON, P.J., SPECIALLY CONCURRING:**

¶35. I specially concur with the majority's opinion in this case. I write separately to acknowledge that this finding is in line with Mississippi precedent.

¶36. In the present case, Phillips filed a motion for a continuance, seeking to continue the hearings on the Defendants' motions for summary judgment. The trial court denied Phillips's

12

motion after finding that his motion did not comply with the requirements set forth by Mississippi Rule of Civil Procedure 56(f). As expressed by the majority,

> [a] party making a Rule 56(f) motion must present specific facts why he cannot oppose the motion and must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Davis v. Hindman*, 138 So. 3d 214, 217 (¶10) (Miss. Ct. App. 2014) (internal quotation marks omitted). A review of the record shows that Phillips failed to articulate specific facts as to why he was unable to properly oppose the motion for summary judgment and failed to show how postponing the ruling would assist him in opposing summary judgment.

¶37. In *Indemnity Insurance Co. of North America v. Guidant Mutual Insurance Co.*, 99 So. 3d 142, 149 (¶18) (Miss. 2012), the Mississippi Supreme Court found no abuse of discretion by the trial court in denying a party's Rule 56(f) motion for a continuance where the party failed to provide specific reasons demonstrating why the party could not oppose the summary judgment motion without additional information. This Court has similarly found no abuse of discretion in a trial court's denial of a party's Rule 56(f) motion where that motion failed to demonstrate "specific facts" regarding how additional time for discovery would assist the party with opposing the summary judgment motion. *Dillon v. PiCo Inc.*, 239 So. 3d 527, 535 (¶¶23-24) (Miss. Ct. App. 2017).

¶38. Because the holding in today's case is in line with Mississippi precedent, I specially concur with the majority's finding that the trial court did not abuse its discretion in denying Phillips's motion for a continuance.

13